GEO. T. CONNELL and B. M. LONG, plaintiffs in error, *vs.* HIRAM SHARPE, defendant in error.

1. Upon a motion for a continuance, it appeared that the party was in bed sick, and therefore unable to be present at the trial. His attorney also stated that he could not go to trial safely without the presence and aid of his client: *Held*, that the continuance should have been allowed.

*Certiorari*, in Carroll Superior Court, decided by Judge HAMMOND, at the October Term, 1860.

Hiram Sharpe brought twenty-two suits in the Justice's Court of the 714th district, G. M., of Carroll county, against George T. Connell, principal, and Benjamin M. Long, security, on twenty-two due bills, twenty-one of them for $50 00 each, and one for $41 11.

The defendant pleaded the general issue and usury.

At the May Term of said Justice's Court, the cases were called for trial, and it was agreed by the counsel of the parties that the trial and judgment in one of the cases should control and govern the remainder of the cases.

Counsel for the defendant moved to amend his pleas in the cases, by adding thereto, that the due bills sued on were obtained by fraud, and also moved to continue all of said cases, and supported the motion by the following showing, to-wit:

GEORGE W. AUSTIN, the attorney of the defendant, stated in his place that his client was providentially hindered from attending Court, and that he could not go safely to trial without him; also, that Henry S. Chance was a material witness for defendant, and was absent, and that he expected to prove by Chance that the allegations in the amended plea were

true; that the knowledge of Chance's testimony came to him too late to obtain it for the term, and that he expected to obtain the testimony by the next term of the Court thereafter. In support of the motion, William Johnson testified that Dr. Connell, the defendant, had been attending his wife as a physician, and that witness went after him that morning to visit his sick wife; that Connell was in bed sick, and told witness to get another physician; that whilst he did not positively know Connell to be sick, yet he seemed to be so; said he was sick with an old chronic disease, and that witness believed he was sick; that witness had known Dr. Connell for years, and knew that he had been afflicted with gravel for many years, and that he appeared to have fever that morning.

The presiding Justices decided the showing insufficient, and refused the continuance, the plaintiffs proposing to admit that there was 8 per cent. usury in the due bills.

The cases were then tried, and judgment rendered against the defendant for the amount of the due bills, less eight per cent. of usury, which was embodied in them.

The defendant applied for and obtained a *certiorari* of said cases, alleging that the refusal of the Court to continue the cases upon the showing made, was error.

Upon hearing the *certiorari*, Judge Hammond overruled the same, and affirmed the judgment of the Justice's Court. Error is assigned upon this decision, and its reversal sought.

RICHARDS & AUSTIN and A. H. BLACK, for plaintiff in error.

THOMASON, CHANDLER, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

Whatever opinion may be entertained of this case outside of the record, upon the showing made, the defendant was entitled to a continuance, not on account of the absence of the witness, Chance, for his testimony went to establish an immaterial issue, and one which could not have availed the defendant, but on account of the providential absence of the

defendant himself, and that he could not go safely to trial without him. True, the plaintiffs' counsel dispensed with the preliminary showing by defendant, to enable him to examine the plaintiffs as to the usury in the contract. But as the attorney was unable to conduct the examination, as he might have done by the aid of his client, who might even have suggested witnesses who could have contradicted the plaintiffs, we do not think a trial could be forced in this way.

Let the judgment be reversed.