FRANK L. HORR, APPELLEE, v. THOMAS J. EASTON ET AL., APPELLANTS.

FILED NOVEMBER 19, 1926.   No. 24331.

Continuance.  Where a defendant alleges a valid and lawful defense in a suit brought against him and before the time set for the trial he becomes ill and is unable to attend court at the time fixed therefor, and such fact is established by his own affidavit and that of his counsel and his attending physician, ordinarily it is error for the trial court to proceed to trial in the absence of such defendant.

APPEAL from the district court for Kimball county: J. LEONARD TEWELL, JUDGE.  *Reversed.*

*William J. Ballard,* for appellants.

*Roland V. Rodman, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DEAN, J.

This is a suit for the foreclosure of a real estate mortgage in the district court in and for Kimball county wherein the plaintiff alleges that there is due and owing to him $1,400 pursuant to a note and a five-year mortgage executed by defendants and delivered to plaintiff on or about September 3, 1920.  The petition is in the usual form and was filed January 4, 1924.  February 29, 1924, an answer was filed wherein the defendants admit the making, execution

and delivery of the note and mortgage in suit, but a counter-
claim is pleaded which is based on an alleged failure of
consideration for a considerable portion of the amount for
which the instruments in suit were given, and it was also
pleaded that the execution of the instruments sued on was
induced by fraudulent representations of plaintiff.   On May
5, 1924, a motion for continuance was filed wherein it is
set forth generally that a party therein named was a ma-
terial witness for defendants and, if present, would testify
to facts which were material to the defense on defendant's
part, and it was further averred that defendant knew of
no other witness by whom to establish such facts, and that
such witness would be present at the following September,
1924, term of the court, or failing to have him present, his
deposition would be procured.   We deem it sufficient to say
that the allegations set forth in the foregoing affidavit,
which need not be reproduced here, if established, would
tend to constitute a defense.   There is also an affidavit filed
by defendant's counsel wherein it appears that his client
was ill and was unable to appear at the date set for the
trial, and this averment was supported by an affidavit of a
physician who attended defendant in his illness, and he
avers that defendant was, at the time, suffering from an
ailment, namely, "epistaxis, or hemorrhage from nasal
canal," and that at the date of the trial he was not in a
fit physical condition to safely leave his home.   The court
overruled the motion for a continuance, and defendants,
alleging error, after perfecting the required bond, prose-
cuted an appeal.   No counter affidavits were filed by plain-
tiff.   *Hoover v. Hoover,* 5 Neb. (Unof.) 167; *In re Town-
send's Estate,* 122 Ia. 246.   In speaking of the absence of
the litigant the Iowa court, speaking by Judge Deemer,
said:   "Her counsel were entitled to her presence, counsel
and advice during the entire trial.   The evidence discloses
that she knew more about the real issues than any one else,
and, while she may have been incompetent as a witness
to testify to many of these matters, there was the more need
for her advice and counsel during the trial."   In *Mathews*

*v. Willoughby,* 85 Ga. 289, the court said: "A continuance should have been granted on motion properly showing, on the call of the case, that the defendant was sick with pneumonia and would be unable to attend court for five or six days, in connection with his counsel's statement that he could not go to trial without the presence of his client; the only counter-showing being to the effect that the defendant was seen two days before, going from his home."

We think, in view of the entire record, that the court erred in overruling defendant's motion for a continuance and in this view of the case the judgment of the district court must be reversed and the cause remanded for a new trial.

REVERSED.

