## WEBB *et al.* *v.* CARPENTER.

No. 6778. April 13, 1929.

H. B. *Moss,* for plaintiffs in error.

H. M. *Broadwell* and J. E. *Mozley,* contra.

Beck, P. J.   At the July term, 1928, of the superior court of Cobb County, there was pending for trial the case of H. P. Carpenter, propounder, against the heirs at law of C. M. Webb, deceased, namely, A. C. Webb, Mrs. Mamie Smith, Mrs. Leila Talley, E. P. Gunter, A. A. Gunter, and R. E. Gunter, who had filed their caveat to the probate of the will; the case having been appealed from the court of ordinary.   The caveat was based upon the alleged ground of lack of testamentary capacity.   The case had been placed as the last one on the calendar for Monday, July 16. During the morning of that day, and while a number of the cases still remained untried, between the case then being heard and the instant case, H. B. Moss, Esq., attorney for caveators, made the following statement to the presiding judge: "If your honor please, I wish to offer a motion for a continuance in case No. 5599, H. P. Carpenter, propounder, against A. C. Webb and others, caveators.   The case has not been reached, and by making the motion now the witnesses can be notified by telephone not to come."   The presiding judge having consented to hear the motion at that time, the attorney for movant read an affidavit of Mrs. Mamie Smith, one of the heirs and one of the caveators, which affidavit was duly entitled in the case, and was as follows:

"State of Georgia, Fulton County.   Personally appeared before the undersigned, an officer by law duly authorized to administer an oath, Mrs. Mamie Smith, who, being duly sworn, on oath says that she lives at No. 60 Waddell Street, Atlanta, Ga.   That she is one of the caveators in the above-stated case, an heir at law of C.

M. Webb, deceased, her deceased father being a brother to the deceased C. M. Webb, the deceased testator in the above-stated case. Affiant desires to be present at the trial of the above-stated case, but is providentially hindered and prevented from attending Cobb superior court this day, and the prospect is that she will be unable to attend at any day for a considerable length of time. Her daughter, Mrs. C. L. Ray, who lives at No. 453 Holderness Street, Atlanta, Ga., is desperately ill, and her condition necessitates the constant attendance of affiant upon her to nurse her and be present to administer her medicines and to care for her in her condition of sickness. On this account affiant as a party to said case and interested in said case moves the court for a continuance of said case to the next term of said court. [Signed] Mrs. Mamie Smith."

Counsel for movant also read the affidavit of Dr. A. Dawson, which, omitting the formal parts, is as follows: "I certify that Mrs. Chas. L. Ray is under my treatment for septic phlebitis in both thighs and legs. She is desperately ill. She needs very much the care and nursing of her mother, Mrs. Mamie Smith, to look after her and Mrs. Ray's 2-months-old baby. The baby is now being bottle-fed, which requires careful attention. It is impossible just yet to say the outcome of Mrs. Ray. She has been sick for three weeks. The presence of her mother will be quite a help to her in her condition. [Signed] A. Dawson, M.D."

The attorney for movant then stated to the court that he needed the presence of his client, Mrs. Mamie Smith, in the trial of the case, and that he could not go safely into the trial without her presence. The presiding judge then inquired how long it would take to try the case. Mr. Mozley, opposing counsel, stated that it would not take over an hour. The presiding judge then stated that Mrs. Smith could come on one car from Atlanta in one hour, try the case in another hour, and go back to her sick daughter in the next hour; that he overruled the motion and did overrule the motion for continuance. When the case was reached during the day the court inquired if the parties were ready for trial. Counsel for propounder announced ready, at which time counsel for caveators stated that he stood upon his showing for continuance already made, and refused to participate in the trial. The case proceeded to trial, and a verdict was rendered in favor of propounder. No motion for a new trial was made in this case, but plaintiffs filed a

direct bill of exceptions, insisting that the court erred in overruling the motion for a continuance, and that all that took place after erroneously ordering the case to proceed to trial was nugatory.

This court is of the opinion that the judge should have granted the continuance, as it comes fully up to the requirements of the statute relating to the subject. Section 5717 of the Civil Code reads as follows: "If either party shall be providentially prevented from attending at the trial of any cause, and the counsel of such absent party will state in his place that he can not safely go to trial without the presence of such absent party, such cause shall be continued, provided his continuances are not exhausted." See, in this connection, *Scott* v. *Whipple,* 116 *Ga.* 211 (42 S. E. 519); *Connell* v. *Sharpe,* 32 *Ga.* 443. We do not think that Mrs. Mamie Smith should have been required, under the evidence produced as to the character of the sickness of her daughter, to leave her even for the length of time that would have been required for her to go to Marietta, attend the trial, and return to Atlanta. If there had been any prior continuance of the case on account of the sickness of this daughter, it might be that the court would have been authorized to refuse a further continuance; but it does not appear that there had been any other continuance of the case. In view of the rulings made above, and the evidence submitted to the court, the error of the court in overruling the motion for a continuance affected all the subsequent proceedings, and rendered them nugatory, including the verdict rendered; and the verdict must therefore be set aside and a new trial granted.

*Judgment reversed. All the Justices concur.*