164 So. 630

**STATE ex rel. ARMSTRONG v. McNOUGH-TON et al.**

**In re McNOUGHTON et al.**

**No. 33730.**

Dec. 2, 1935.

Kennon & Kitchens and John T. Campbell, all of Minden, for applicants.

R. D. Watkins, of Minden, for respondents.

ODOM, Justice.

This is a habeas corpus proceeding brought by Mrs. Gladys Armstrong to obtain custody of her 9 year old daughter, Fleeda June Armstrong.

The facts disclosed by the petition are that relatrix and her husband, George L. Armstrong, were married in the state of Texas, and that there were two children, issue of the marriage, that they separated in the year 1933, and that subsequent to the separation the husband, George L. Armstrong, went into the juvenile court of San Antonio, Tex., and alleged that the two minor children of the marriage were then in the custody of their mother, who was immoral and an unfit person to have custody of them. The juvenile court rendered judgment removing the children from the mother and placing them in the sole custody of their father, George L. Armstrong.

It further appears that the father took the children immediately and has had custody of them ever since, contributing all expenses necessary for their maintenance.

Following the separation and the judgment of the juvenile court, the mother of the children, who is relatrix here, moved

away from San Antonio and remained away for a period of something like two years. In the meantime, the father of the children, who is one of the respondents here, came to the state of Louisiana seeking work in the oil fields and brought his daughter, Fleeda June, with him, leaving the other child, a boy, in the state of Texas with his paternal grandparents. Having secured employment near Minden, La., he placed his daughter in the home of Mr. and Mrs. L. W. McNoughton, who live at Sibley, La., with instructions that she be sent to school. The child was placed in school; the father paying her board and all other necessary expenses for her maintenance. Subsequently he obtained employment in the state of Texas at a place about 700 miles from Sibley, where he left the child.

In the early part of 1935, Mrs. Armstrong, the relatrix, went back to San Antonio, where she and her husband had formerly lived, and there obtained a divorce from her husband with a decree placing both minor children of the marriage in her custody. The judgment was rendered on April 14, 1935. At that time the husband was at work some 400 miles away from San Antonio and made no appearance, having been advised, so he alleges, by Texas attorneys, that the court at San Antonio had no jurisdiction and could therefore render no judgment affecting the custody of the children.

On November 13, 1935, Mrs. Armstrong came to Minden, La., and instituted habeas corpus proceedings against Mr. and Mrs. McNoughton in order to obtain custody of the child, Fleeda June. She obtained an order of the district court commanding Mr. and Mrs. McNoughton to either produce the child or show cause to the contrary on November 14. On that date they filed answer setting up that the child had been placed in their custody by its father and that they were keeping the child only for and as agent of the father. They further alleged that the father was at the time at some place in the state of Texas more than 700 miles from Minden, and that, inasmuch as he was the party vitally interested, they asked further time in order that he might be notified and file such proceedings as he saw fit. The court continued the hearing until November 19. Counsel had some difficulty in reaching Mr. Armstrong, but he finally arrived in Minden on November 17, two days before the date set for the hearing. He was not able to consult his counsel until the following day. They prepared for him what is referred to as an intervention and answer in the proceedings, in which it is alleged that the father had been granted the sole custody of the child by the juvenile court of San Antonio in 1933; that the basis of the judgment was that the mother was immoral and an unfit person to have custody of the child; that she is yet immoral and unfit; and further that she is without means and is unable to support and care for the child, for which reasons she is not now entitled to the judgment for which she prays.

Counsel set up that, in order to make a proper defense, it would be necessary to secure from the state of Texas certified copies of the juvenile court records, to-

gether with affidavits filed showing the moral unfitness of the mother, and that it would be necessary to procure testimony of witnesses now residing in the state of Texas, under which conditions it would be impossible to go to trial on the 19th. They therefore asked for reasonable time in which to prepare for the trial. The district judge refused to grant further time, but allowed them twenty-four hours in which to make application to this court for writs.

Writs were granted by this court ordering the district judge to send up the record and to show cause why additional time should not be granted.

The judge in his return set out the fact that he had originally set the hearing for the 14th and that at the request of Mr. and Mrs. McNoughton had extended the time to the 19th, on which date George L. Armstrong, the father of the child, appeared and asked further time; that he thought such cases should be disposed of speedily; that the parties, relatrix and respondent, were "detained a long way from home at considerable inconvenience to themselves and it being due to the fault of the intervenor (respondent) or at least to his choice that the child was in Louisiana and he was so far from home, and in the exercise of the discretion vested in district courts by the Constitution and laws of Louisiana the further continuance was denied."

It does not appear that the father brought the child to Louisiana for the purpose of placing it beyond the reach of its mother, or to evade the processes of the Texas courts. The child was removed from the custody of its mother by the juvenile court of San Antonio in 1933 and placed in the sole custody of its father, who brought her to the state of Louisiana with him when he came here for the purpose of securing employment. After bringing the child here, he succeeded in placing her in a family of good people, who, according to the pleadings, properly looked after her, sent her to school, and gave her all the protection and advantages which could be reasonably expected. It is alleged that the child is happy, well cared for, and contented to remain where she is. It appears to us therefore that the father acted not only within his rights, but prudently and to the best interest of the child.

It appears to us also that it was impossible for the father to get ready for the trial within the time allowed him, as all his witnesses, as well as necessary court records and documents, were in the state of Texas several hundred miles away. Additional time was granted to Mr. and Mrs. McNoughton from the 14th to the 19th, but they are not the real parties at interest. The father, who lost no time after being notified of the proceedings, arrived at Minden only two days before the date set for the hearing. He had to consult counsel, who needed some time to prepare his intervention and answer. Neither respondent nor counsel appear to have been guilty of laches.

Counsel for relatrix cite article 468 of the Code of Practice and numerous decisions of this court to the effect that trial courts are vested with discretion in the

matter of granting or refusing continuances. Article 468 of the Code of Practice reads as follows:

"The court have, besides, a discretionary power to grant continuance whenever the cause alleged by the party applying for it appears sufficient to justify the same."

A reading of the many decisions cited under the above article of the Code, as annotated by both Dart and Marr, will disclose that this court has always recognized the discretion vested in trial judges in the matter of granting or refusing continuances. But it has never been held that such discretion is absolute or that it may be exercised arbitrarily. This court has not only the right, but a duty rests upon it, to correct mistakes made by trial judges in matters of this kind. However, it interferes with such matters with reluctance and only in what are considered extreme cases.

We consider this an extreme case. It appears to us that a refusal to grant respondent further time under the circumstances here disclosed might result in an injustice to both the child and its father.

For the reasons assigned, it is ordered that the writs heretofore granted be made absolute, and accordingly that the Honorable J. F. McInnis, Judge of the Twenty-Sixth judicial district court for the parish of Webster, grant to respondent George L. Armstrong an additional delay of twenty days from Monday, December 2, 1935, in which to prepare his defense, and further ordered that the clerk of this court immediately notify both the judge and interested counsel of this order.