[Civ. No. 10374. Second Appellate District, Division One.—April 25, 1936.]

H. O. NICHOLLS, Appellant, v. CARL D. ANDERS et al., Respondents.

Spencer L. Halverson and Lester L. Lev for Appellant.

Gibson, Dunn & Crutcher, Norman S. Sterry, E. E. Bacon and George D. Jagels for Respondents.

DESMOND, J., *pro ·tem.*—Appeal from an order vacating a judgment rendered after a default, and quashing writ of execution which had been issued thereon. The complaint in this action was filed May 4, 1934, and was entitled, "*H. O. Nicholls, Plaintiff,* v. *Carl D. Anders, A. V. Spencer, and the Partnership Consisting of Carl D. Anders and A. V. Spencer, Defendants.*" The individuals, Anders and Spencer, defended the action successfully in a jury trial, judgment in their favor being entered February 20, 1935. Meanwhile, on June 22, 1934, plaintiff had secured entry of a judgment after default claimed, in the sum of $10,000 against the partnership, no answer or other plea having been filed by said partnership as such, although Anders and Spencer, mentioned in the caption of the complaint as sole members of the firm, had joined in an answer which was then on file. This default judgment which plaintiff's counsel had held up his sleeve, figuratively speaking, for eight months (the adverse parties being unaware of it), he undertook to collect on February 21, 1935, the day following entry of the contrary judgment in favor of defendants Anders and Spencer. A deputy sheriff, acting under a writ of execution, at that time, took possession of the premises and business known as "Carl's", a restaurant operated by

Anders and Spencer. On February 26, 1935, hearing was had upon a motion filed by Anders and Spencer individually "and on behalf of Carl's, a restaurant owned and operated" by them, by which they sought to quash the service of summons "or purported service of summons heretofore made upon 'a partnership consisting of Carl D. Anders and A. V. Spencer' and to set aside and vacate all proceedings herein based upon said purported service of summons" including the entry of the default and judgment thereon. The motion was directed also to the recall and quashing of the writ of execution. The court granted the motion as related to all items mentioned, "upon the grounds stated" in the notice thereof. Appellant claims that the court committed error in granting the motion; also claims that the court had no jurisdiction to hear the motion or to set aside the judgment.

In considering these claims reference must be had to section 388 of the Code of Civil Procedure. It reads as follows:

"When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such case being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, and the individual property of the party or parties served with process, in the same manner as if all had been named defendants and had been sued upon their joint liability."

Our next reference is to the complaint, the caption of which we noted in our opening paragraph, and to which we again invite attention. Nowhere in the body of this complaint do we find the word "partnership", "firm", or "association", nor is there any allegation that a partnership existed or that it had a common name, or that it was being sued under a common name.

There is, however, an allegation in the first paragraph of the complaint, "That defendants are the owners, managers and operators of a certain restaurant and drive-in eating establishment located at the northeast corner of Figueroa and Flower Streets in the City of Los Angeles, California; that they conduct and maintain said restaurant under the fictitious name and style of 'Carl's', and cater to and serve food, drinks,

and meals to the general public in the operation of said restaurant business." It appears from this that at the time the complaint was drawn, the pleader knew that Anders and Spencer were associated in business and transacting such business under a common name, and that the common name was "Carl's." It was not necessary, in order to bind the joint and individual property of the associates, to name a partnership as such; merely designating "Carl's" as the common business name of the associates in business would have been sufficient, if plaintiff's counsel was not sure of the "common name" of the partnership.

We are of the opinion that where reliance is had by a plaintiff upon section 388 of the Code of Civil Procedure, good practice requires him to allege and prove the existence of an association of two or more persons transacting business under a common name.

In *Colquhoun* v. *Pack,* 28 Cal. App. 319 [152 Pac. 319], relied upon by appellant as an authority on the matter of service where a partnership and its individual members are named as defendants, we note, as briefly stated in the syllabus, that "the complaint in the action, a copy of which was served with the summons upon said defendant, shows that he was sued individually, and *alleges* that he was a member of the partnership joined as defendant under the firm name". (Italics ours.)

Appellant practically rests his entire case, in this appeal, upon the contention that a partnership is a separate entity for purposes of suit. So it appears to be, but where the partnership is made up of two persons both of whom answer, it would seem that the identity of the parties becomes merged, at least to the extent that no default judgment can be secured effectively against the partnership until trial has been had upon the issues raised by the answer of both partners. Especially so, because of the liability arising when service is made upon all parties; individual liability and liability of the entire partnership property. In this case, if the default judgment had been given force, at or about the time it was entered, it would have bound "the joint property of all the associates, and the individual property of the party or parties served with process" (sec. 388, Code Civ. Proc.), namely, both Anders and Spencer. But how could this be, when both

these individuals had filed answers joining issue with the plaintiff?  If any attempt had been made to enforce the judgment at that time, undoubtedly the provisions of section 473, Code of Civil Procedure, would have been invoked to set it aside.  Counsel knew this and made no attempt to enforce the default judgment against partnership or members until more than the six months provided by section 473, Code of Civil Procedure, had elapsed.  ▓ In the meantime, however, the jury had returned a verdict in favor of Anders and Spencer, who constituted the entire partnership.  There can be no question that by the judgment rendered upon this verdict, the individual property of each partner, including his personal interest in the partnership property, was freed from any liability, though by the default judgment against the partnership their individual properties had been bound under section 388, Code of Civil Procedure.  Since the two individual defendants were the sole owners of the partnership, a fact known to plaintiff's counsel, we have in effect two conflicting judgments rendered by the same court upon the same rights of the same parties.  In such circumstances, the later in point of time prevails (2 Freeman on Judgments, 5th ed., sec. 629, p. 1326; *California Bank* v. *Traeger*, 215 Cal. 346, 351 [10 Pac. (2d) 51]; 15 Cal. Jur. 105); and the court, upon declaring void the prior judgment, properly quashed the execution which had issued thereon.  (11 Cal. Jur. 58.)  ▓ It may be said further that, since the two partners by their joint answer admitted the allegations contained in the first paragraph of the complaint, the judgment in their favor, a later judgment than the default judgment, inures to the benefit of the association or partnership under which they conduct their business.  (*Minehan* v. *Silveria*, 11 Cal. App. (2d) 266 [53 Pac. (2d) 770], to be read in conjunction with *Minehan* v. *Silveria*, 131 Cal. App. 317 [21 Pac. (2d) 617].)

▓ It is urged also, and we believe rightly, that "appellant waived both the default and the judgment, and by going to trial on the merits, impliedly consented to the default judgment being vacated".  This position seems sound under the reasoning of *Madison* v. *Octave Oil Co.*, 154 Cal. 768 [99 Pac. 176].  (See, also, *Pollard & Haw* v. *American Stone Co.*, 111 Va. 147 [68 S. E. 266, 267], and cases there cited; *Semple* v. *Ware*, 42 Cal. 619, 621.)

As to the discretion of the trial court in passing upon a motion to set aside a default judgment, it is said in *Waite* v. *Southern Pacific Co.*, 192 Cal. 467, 470 [221 Pac. 204] :

"This discretion, however, is not capricious or arbitrary, but it is an impartial discretion guided and controlled in its exercise by fixed legal principles. 'It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice.' (*Bailey* v. *Taaffe,* 29 Cal. 422, 424.) It is also well established that it is the policy of the law to bring about a trial on the merits wherever possible, so that any doubts which may exist should be resolved in favor of the application, to the end of securing a trial upon the merits. (*Jergins* v. *Schenck,* 162 Cal. 747, 748 . . . [124 Pac. 426].) "

Under these principles, a trial having been had on the merits of the case, we believe the order should be affirmed. It is so ordered.

York, Acting P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1936.