HARRAH et al. v. MORGENTHAU, Secretary of Treasury, et al.
No. 6761.

United States Court of Appeals for the District of Columbia.
Argued Feb. 9, 1937.
Decided March 15, 1937.

Rehearing Denied April 19, 1937.

William E. Leahy, of Washington, D. C., for appellant Dunning.

Frederick Stohlman and George A. Cassidy, Jr., both of Washington, D. C., for appellant Harrah.

William C. Sullivan, of Washington, D. C., for appellant Kelly.

Leslie C. Garnett, U. S. Atty., and Roger Robb, Asst. U. S. Atty., both of Washington, D. C., for Secretary of Treasury, stakeholder.

Before MARTIN, Chief Justice, and VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

PER CURIAM.

Daniel Dunning, a District of Columbia attorney, filed his bill against Charles J. Harrah and others July 2, 1934 and his amended bill October, 1934. The object of the bill was to obtain an injunction restraining the Secretary of the Treasury and the Treasurer of the United States from disposing of a fund in the Treasury in trust for Harrah and, upon final hearing, to have a decree for the payment of a claim for money due for professional services rendered by Dunning to Harrah. There were several interventions, and the answers of the defendants were filed the latter part of 1934 and the early part of 1935. The cause was not finally at issue until February, 1935. In May, 1935, there was a motion in behalf of one of the interveners to advance the cause for hearing, and the case was set down on the trial calendar. On January 8, 1936, and when a trial was imminent, a motion to continue the hearing and trial was made by Dunning. The motion was fortified by the affidavits of himself, his attorney, and two physicians.

In his own affidavit he said that he alone was the sole, essential, and necessary witness to prove the allegations of his bill.

His attorney made affidavit that he had been entirely unable to do any work in the preparation of the cause on account of the serious condition of Dunning's health.

The affidavit of his attending physician stated that Dunning had suffered a collapse from a complication of cardiac ailments,

that he was then suffering from enlarged heart, leakage, and fibrilation likely to result fatally from excitement and exertion if he should attempt to attend the trial as a witness, but that the probabilities were that in six months he would be in condition to appear in court.

The other physician, who made an examination of Dunning just prior to the day set for the trial, stated that he found enlargement, leakage, and fibrilation of the heart to such an extent that the mental strain and physical exertion incident to his attending the trial might and probably would have fatal results. This physician likewise stated that he thought that as a result of six months' treatment the improvement would permit Dunning's appearing in court and testifying.

The motion judge declined to allow a continuance. An exception was duly taken to this action of the court. There was a trial, in which Dunning was unrepresented, and a decree was taken against him.

The record discloses nothing else on the subject than is outlined above. The high professional character and standing of counsel for Dunning satisfy us that the motion was made in good faith and, in the absence of a showing to the contrary or of some injury resulting to the other parties, we think the court below should have delayed the trial. In saying this we are, of course, not unmindful of the rule that a postponement or continuance is largely within the discretion of the trial court and unless it is shown to have been abused there is no sufficient ground for reversal. Fidelity & Deposit Co. v. L. Bucki & Son Lumber Co., 189 U.S. 135, 143, 23 S.Ct. 582, 47 L. Ed. 744. If there were anything in this record challenging the good faith of the motion for continuance, the professional ability or character or truthfulness of the physicians who made affidavit to the inability of Dunning to appear, or even if there were a showing that a continuance would have resulted in serious loss to the other parties, we should not now hesitate to sustain the action of the lower court; but here we are confronted with a case in which, as appears, the plaintiff was his only witness and was so seriously ill that his appearance in court would probably have resulted in his death. Insisting upon a trial in these circumstances must necessarily have resulted in prejudice to Dunning's rights. There may have been good reasons for the refusal to grant the continuance, but if there were it was the duty of counsel to have shown them by the record, for we can know only what the record contains.

We believe the universal rule in circumstances such as we have outlined above is to reverse the judgment or decree and remand the case for a new trial. Cases so holding, among others too numerous to mention, are the following: House v. Cardinal et al., 69 Ind.App. 428, 122 N.E. 11; Horr v. Easton, 114 Neb. 829, 211 N.W. 172; Harrod v. Hutchinson (Ky.) 105 S.W. 365; Borman v. Geib, 94 Okl. 270, 221 P. 1006; Rausch v. Cozian, 86 Colo. 389, 282 P. 251; Krikorian v. Fermanian (Sup.) 189 N.Y.S. 130; Irish Industrial Exposition Company v. Sheridan, 121 App.Div. 922, 106 N.Y.S. 392; McMahan v. Norick, 12 Okl. 125, 69 P. 1047; Connell v. Sharpe, 32 Ga. 443; Roberts v. Sinkey, 136 Kan. 292, 15 P.(2d) 427; Overstreet v. Citizens' U. Bank, 256 Ky. 653, 76 S.W.(2d) 641; Hollis v. Watson (Ky.) 89 S.W. 548.

The decree of the District Court is, therefore, reversed. The costs on this appeal will be divided equally between Dunning, Harrah, and Kelly, one of the interveners.

Reversed and remanded.