## TAYLOR v. YELLOW CAB CO. OF DISTRICT OF COLUMBIA.

### No. 57.

Municipal Court of Appeals for District of Columbia.

April 6, 1943.

Rehearing Denied April 27, 1943.

James J. Laughlin, of Washington, D. C. for appellant.

Alfred M. Schwartz, of Washington, D. C. (A. Arvin Lynn, of Washington, D. C., on the brief), for appellees.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Plaintiff brought an action for damages for alleged illegal conduct of defendants by which he was prevented from operating

a taxicab. Trial by jury was demanded by plaintiff and the case was set for trial on Tuesday, October 27, 1942. On that day parties and their counsel were present in court at 10 a. m. but the case was not reached until about 3 p. m. At that time a "long panel" of jurors was not available but both sides agreed to accept a "short panel" of twelve jurors. Apparently one of the twelve was disqualified or excused, since by agreement the jury sworn to try the case consisted of only eleven members.

Immediately prior to the jury being sworn counsel for plaintiff stated he had a criminal case set for trial in the District Court on the following day, that it would not take more than one day and Thursday would be "a free day" for him. The court announced that trial would commence and go as far as possible that afternoon, and be resumed again on Thursday. Plaintiff's counsel stated this was satisfactory to him. Immediately after the jury was sworn the court stated to the jury that if the case was not concluded that afternoon it would be necessary to continue it until 1:30 on Thursday afternoon.

The trial commenced and after opening statements by both counsel plaintiff testified on his behalf and was cross-examined. At 5 o'clock the trial was recessed until 1:30 on Thursday afternoon. At this time counsel for plaintiff stated he had made arrangements to leave on Thursday night for the elections in Indiana and if the case was not completed by 5 o'clock Thursday afternoon, he would request that it go over until the following week. After some discussion between counsel and court as to the number of witnesses yet to testify the court stated it thought the case could be finished by 5 o'clock Thursday and counsel for plaintiff assented.

On Thursday at 1:30 counsel met with the court in chambers and plaintiff's counsel advised the court the criminal case in which he was engaged in the District Court had not been completed on Wednesday, as he had anticipated, but was still in progress and would not be completed until

late that afternoon, that his train for Indiana left at 6:30 and he would not return to Washington for one week, that he had attempted to get a substitute counsel but had not been able to do so, and that he was requesting the case be continued one week. Counsel for defendant objected to such a continuance, and the court stated that after so long an adjournment the jury would forget the testimony already given. Counsel for defendants suggested plaintiff should take a nonsuit but plaintiff's counsel refused to do so. After some discussion the court asked plaintiff's counsel if he did not think a nonsuit should be taken and again plaintiff's counsel refused. Finally the court announced that the trial would be resumed on the following morning. Counsel for plaintiff announced that he would not be present, that his arrangement for leaving the city had been made and he was leaving at 6:30; and he returned to the criminal trial then in progress in the District Court. The court excused the jury which had returned at 1:30 and instructed them to return the following morning at 10 o'clock.

On Friday morning the trial was resumed. Neither plaintiff nor his counsel was present. After defendants' witnesses had testified, the court directed a verdict for the individual defendant and submitted the case to the jury as to the corporate defendant. The jury returned a verdict in favor of that defendant. Judgment was duly entered on the verdict.

Plaintiff has appealed and argues (1) the court was in error in refusing his request for a continuance, and (2) the court abused its discretion in proceeding with the case in the absence of plaintiff.[1]

■ For very practical reasons it is a general rule that postponement or continuance of a trial is within the discretion of the trial court and the action of the court will not be disturbed on appeal except for an abuse of discretion.[2]

■ In passing upon the request for the continuance the trial court had the right to consider the fact that plaintiff voluntarily

---

[1] The record does not contain the evidence produced at the trial by either plaintiff or defendants and makes no showing of the merit, if any, of plaintiff's claim. See Ray v. Carr, 71 App.D.C. 37, 107 F.2d 238.

[2] Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; Fidelity & Deposit Co. v. L. Bucki & Son Lumber Co.,

189 U.S. 135, 143, 23 S.Ct. 582, 47 L. Ed. 744; Gilbert v. Lachapelle, 75 U.S. App.D.C. 395, 127 F.2d 750; Neufield v. United States, 73 App.D.C. 174, 118 F. 2d 375; Harrah v. Morgenthau, 67 App. D.C. 119, 89 F.2d 863; Goodyear Service, Inc., v. Pretzfelder, 65 App.D.C. 389, 84 F.2d 242.

commenced the trial on the afternoon of October 27, 1942, since he could not have been compelled to accept a "short panel" of jurors, that counsel for plaintiff announced that he would be ready to resume this case on Thursday and that the court, defendants and their counsel and witnesses, as well as the jurors, accomodated themselves to recess from Tuesday afternoon until 1:30 on Thursday because of the engagement of plaintiff's counsel in the District Court. It may be that plaintiff's counsel could not have anticipated the criminal case would not be completed on Wednesday, but the fact is he made a definite statement that he would be available on Thursday and the plans of all others engaged in the trial were adjusted on the basis of that statement. When counsel and court met on Thursday at 1:30 and plaintiff's counsel was still engaged in the criminal case the court did not insist that the trial of this case resume at its scheduled time but postponed it until the following day when counsel for the plaintiff would have completed his engagement in the District Court. The only ground for plaintiff's request for a continuance was his previously made engagement to go to Indiana for the elections. No doubt this was a matter of importance to counsel, but it may well be assumed that the court, opposing counsel, the defendants, and the jurors likewise had matters of importance to them. Had the case been postponed a week it would have required the jurors being brought back to court after they had completed their usual term of service, because such postponement would have carried over into the following month. It was the duty of the trial court to weigh and consider the plans and convenience of all parties concerned, and not that of plaintiff's counsel alone. The defendants had the right to urge that the trial be completed promptly. All these things we must assume the trial court considered and we cannot say that its action in ordering the trial to resume on Friday morning was an abuse of discretion. The question before us is not whether the trial court should have granted the continuance, for that is a matter left to the judgment of the trial court and not the appellate court.[3]

Our inquiry must be limited to whether the trial court abused the discretion vested in it, and we find no such abuse.

We think the rule applicable to the present case was well stated in Sechrist v. Bryant, 52 App.D.C. 286, 286 F. 456, 459, where the court said: "That any litigant should be denied a hearing is most regrettable, inasmuch as the denial may result in serious actual wrong. Nevertheless the rules which determine the right to a continuance are designed to secure the greatest good to the greatest number, in accordance with law, and as such rules cannot be sacrificed to sympathy, without putting a premium on neglect, want of foresight, and inexcusable delays, they must be enforced in the interest of an effective administration of justice."

With respect to the argument that the trial court abused its discretion in proceeding with the trial on Friday morning in the absence of plaintiff, there was no reason for the trial court assuming the plaintiff's absence was otherwise than voluntary. On the preceding day counsel for plaintiff had emphatically stated that he would not be present, and, when asked by counsel for defendant if he wished his client to make any response when court opened on Friday, counsel for plaintiff replied, "The record shows my response." The trial court was justified in assuming that plaintiff's absence on Friday was due to the absence of his counsel. There is nothing in the record to indicate otherwise, nor was any other explanation offered to the trial judge during or after the trial. After this appeal was noted there were filed affidavits of plaintiff, plaintiff's counsel and a member of the bar who was not counsel in the case. Plaintiff's affidavit is to the effect that he was not present in court on Friday, when trial resumed, because of illness. Accompanying his affidavit was a physician's certificate.[4] These affidavits were never presented to the trial court and this court cannot consider them. "We sit to correct errors of the trial court. It cannot be said that the court erred with respect to a matter not brought to its attention, and upon which it neither ruled nor was asked to rule." Columbia

---

[3] Virginia Beach Bus Line v. Campbell, 4 Cir., 73 F.2d 97, 100.

[4] The certificate stated plaintiff was under care of the physician from October 21 to November 1, inclusive, "and was totally incapacitated during the time." It is difficult to reconcile plaintiff's total incapacity during such time with the fact he was in court on October 27 and testified on both direct and cross-examination.

Aid Ass'n, et al. v. Sprague, 50 App.D.C. 307, 271 F. 381, 382.[5]

Affirmed.

CAYTON, Associate Judge (dissenting).

I think a plain injustice has been done in this case and that the judgment should be reversed.

With the general statement of the majority that rulings on continuances "will not be disturbed on appeal except for an abuse of discretion" I have no quarrel. But we must look realistically at the practical application of the terms "discretion" and "abuse of discretion". Judicial discretion comes into play when there is no fixed rule to guide the judge. For where there is a hard and fast rule there would be an end—or lack of necessity, for—discretion as a rule of judgment. Discretion does not mean the indulgence of a personal or judicial whim. Nor does it mean the imposition of the arbitrary will or merely individual view of a judge.[6]

When being considered in appellate proceedings abuse of discretion by a trial judge does not necessarily imply improper motive, wilful purpose, prejudice, partiality or intentional wrong.[7] Applying that rule to the instant case it is not necessary to find that the judge was stubborn or arbitrary. The chief test is whether the ruling was in furtherance of justice; and if its effect was to defeat justice it may be deemed an abuse of discretion.[8]

The rule which applies here is perhaps best stated in Nicholls v. Anders, 13 Cal. App.2d 440, 56 P.2d 1289, 1292, (quoting from Waite v. Southern Pac. Co., 192 Cal. 467, 221 P. 204), as follows: "It is also well established that it is the policy of the law to bring about a trial on the merits wherever possible, *so that any doubts which may exist should be resolved in favor of the application, to the end of securing a trial upon the merits.*" (Italics supplied.)

Also peculiarly applicable here is the language of the Supreme Court in an early case[9] as follows: "Courts are the mere instruments of the law, and can will nothing. * * * Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect * * * to the will of the law."

With these principles in mind, I think the trial judge should not have forced the case to a conclusion in the absence of appellant and his counsel.

It was not of appellant's making that the trial was not commenced until the late hour of 3 p. m. He need not have commenced it at all because there was not a full panel of jurors present and he could have declined to proceed until a full panel was available. Nevertheless, he co-operated by accepting a "short panel" and proceeding with the case. Before the day's proceedings were over appellant's counsel told the judge that he had made his plans to leave the city two days hence (on Thursday evening) and could not change them. (We should take judicial notice of the difficulty in obtaining traveling accommodations and the even greater difficulty of changing them at the last minute.) Counsel also told the judge that he would be required to be in the District Court the following morning. That engagement he was of course powerless to prevent. But for that engagement he could have completed the case on Wednesday. Moreover there is in the record the court's statement that it could not resume the case on Thursday morning; so that even if appellant's counsel had been free to finish the case on Thursday morning the court could not have heard it. Finding himself in that troublesome situation, appellant's counsel made a fruitless effort to obtain a substitute lawyer to complete the case. Even if he had succeeded there would still be the practical and psychological disadvantage to appellant of having a new lawyer take over the case in the middle of the trial.

It seems to me that the judge should have considered the practical result of refusing a continuance and should have seen that it would deprive appellant of his day in court and would result in no trial worthy of the name. Furthermore these alternatives were open to the judge:

1. To continue the case for one week, as requested. This was refused because the judge appeared to have other cases on that day. The only other reason given was

---

[5] See, also, Donovan v. Brown et al., 75 U.S.App.D.C. 93, 124 F.2d 295.

[6] Grant v. Michaels, 94 Mont. 452, 23 P.2d 266.

[7] Pettegrew v. Pettegrew, 128 Neb. 783, 260 N.W. 287.

[8] Hill v. Finnemore, 132 Me. 459, 172 A. 826.

[9] Osborn v. Bank of United States, 22 U.S. 738, 866; 9 Wheat. 738, 6 L.Ed. 204.

the expense of bringing the jury back. This means nothing because it would have cost no more to bring them back on one day than on another. Nor is there anything to the argument that the jury would be inclined to forget what they had heard; even if that were true, the disadvantage would have been to appellant, because it was he who was plaintiff below.

2. At the time of the conference in chambers the judge could have ordered a mistrial. This would have resulted in discharging the particular jury before which it had been commenced and having the case reset for trial before a new jury at some later date.

3. The trial judge could at that time have ordered an involuntary nonsuit instead of attempting to coax appellant into taking a voluntary nonsuit. This would have been tantamount to a dismissal without prejudice, with all costs against appellant, but with the important right reserved to him to re-file his case.

4. On the critical Friday morning when plaintiff's attorney could not be there and when plaintiff was unable to secure another lawyer and did not appear at the trial (there is at least some evidence that he was ill) it was still not too late for the court to save the situation. It could then have ordered a continuance, or a mistrial, or a nonsuit. Finally, if the court felt that plaintiff had abandoned the case, the logical step would have been to order a dismissal for want of prosecution. Such dismissal would have carried costs against the plaintiff, and would have avoided the inherent injustice of the ex parte proceeding which resulted. But the court ignored the comparative benefits of these possible steps and adhered to its determination that the case be tried that day. That is what I think constitutes error, and demands correction here.

I am not overlooking the desirability of obtaining prompt disposition of cases and of protecting litigants and witnesses from unnecessary delays. But even these important considerations must give way when the alternative result is no trial at all. Contests of will power between counsel and court are always unfortunate; the contestants are not evenly matched, and the judge usually prevails.

This is not a case of mere refusal to accommodate counsel, or to extend the courtesy of selecting a day convenient to all for completion of a trial. Nor is it a case where a lawyer has merely been forced to trial before he was prepared. It is a case where the judge selected the only day when counsel could not be present as the *one* day when the trial must be completed.

I agree that when discretion has been really discreet and has worked no material injury, we are not called upon to referee personal disputes of this kind. The opposite is true in this case.