**BERNARD'S FUR SHOP, Inc.**

v.

**DE WITT.**

No. 1442.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 11, 1954.

Decided Jan. 29, 1954.

---

2.  Quick v. Paregol, D.C.Mun.App., 68 A.2d 211.

Herman Miller, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant corporation was sued for possession of certain business property. Through its president it filed an answer raising two defenses, one being that notice to quit on August 1 had not been served until July 2, and thereby appellant was not given the required thirty days' notice. Trial by jury was demanded and trial was set for October 6. On that date counsel for appellant requested a continuance on the ground that appellant's president, who expected to testify on its behalf, was ill and could not be present. He presented to the court a doctor's certificate that the witness was under his care and was temporarily totally disabled. Counsel for appellee objected to the continuance and stated he would stipulate that if the absent witness were present "she would testify to such matters which counsel for the defendants would state that she would testify to." On the strength of this offered stipulation (which was not accepted) the court denied a continuance. The case went to trial, no evidence was offered by appellant, and a verdict was directed for appellee.[1]

The sole question before us is whether there was error in denying the

Milton E. Canter and Louis Urow, Washington, D. C., for appellant.

[1]. The judge who tried the case was not the one who denied the continuance. The motion for continuance was heard in accordance with Municipal Court Civil Rule 40 (i) which provides:

"(1) Except as otherwise in these rules provided, all applications for continuances, passing or advancements of jury and non-jury cases shall be made to the judge presiding in Civil No. 1. No case will be continued on the day of trial, except for good cause shown, and provided that counsel has used due diligence to be ready for trial and has notified or made diligent effort to notify his opponent as soon as he became aware of the necessity to ask for a postponement.

"(2) *Absent Witness: If Ground of Motion.* When the motion to postpone a trial is grounded upon absence of a witness, such motion must be accompanied by an affidavit which shall set forth the material matter to which it is expected the witness will testify. If the adverse party admits that the witness would so testify, the court may deny the motion, making a note of the admission for use at the trial.

"All such applications for postponement must be made before the case reaches the trial judge. This rule cannot be waived by consent of counsel.

"Applications for passing or continuance of a case assigned to a trial judge

continuance. We think there was error. The court was advised that appellant's chief officer who was to be its chief witness was unable to be present because of illness. This statement was supported by a doctor's certificate. Nothing in the record questions the truthfulness of the statement or certificate. Although continuances on the date set for trial are to be discouraged, nevertheless when a party or an important witness is unable to be present because of illness, the party ought not to be deprived of the opportunity of presenting his case.[2] A continuance should have been granted until the witness was able to come to court or until her deposition could be taken. The offer of opposing counsel to stipulate as to the witness's testimony was not sufficient justification for the denial of the continuance. One

issue in the case was the date of service of the notice to quit. Appellee's evidence was that the notice was served on the absent witness on June 29. Appellant's answer, verified by that witness, stated the notice was served on July 2. A mere stipulation as to the witness's testimony would hardly have had the same weight before a jury as the testimony of the witness herself.

Argument is made that the motion for a continuance did not strictly conform to the rule of court. No objection to the form of motion was made when it was under consideration and under the circumstances of the case we think any technical deficiency in the motion was immaterial.

Reversed with instructions to grant a new trial.

shall be refused by such trial judge or referred to the judge presiding in Civil No. 1 for disposition."

2. Harrah v. Morgenthau, 67 App.D.C. 119, 89 F.2d 863; Cornwell v. Cornwell, 73 App.D.C. 233, 118 F.2d 396; Etty v. Middleton, D.C.Mun.App., 62 A.2d 371.