**Irene B. BOWMAN, Appellant,**

v.

**James E. BOWMAN, Appellee.**

**No. 3649.**

District of Columbia Court of Appeals.

Argued March 15, 1965.

Decided May 12, 1965.

———◆———

Raymond Rabin, Washington, D. C., for appellant.

Howard Vogel, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

The parties to this appeal were divorced in December 1963. In the judgment granting the divorce the Domestic Relations Branch confirmed and approved a property settlement in which the parties agreed that appellee-father would have custody of their only child. The agreement further granted appellant-mother visitation rights "during daylight hours each Saturday." Despite the agreement and the divorce decree, appellee has limited appellant's visits to two hours on Saturday and has required that such visits be confined to his home. Appellant filed a motion to determine the frequency and duration of her visitation rights, requesting that she be given the rights specified in the settlement agreement.

The central issue raised by the motion was whether there would be any danger to the child in allowing appellant enlarged visitation rights. Testimony at trial established that appellant had been hospitalized in a mental institution four times within a seven-year period. In December 1962 she was restored to legal status. Although appellant's children by a prior marriage testi-fied that they often ask her to care for their infant children without fear that she might do them harm, the trial court found that it would be dangerous to allow appellant to be alone with her daughter and denied her motion.

The principal question before us is whether the court abused its discretion in refusing to grant a continuance when appellant's medical expert was taken ill on the trial date and was unable to testify. Attached to a motion for rehearing, which was denied, was a letter from the medical expert setting forth in detail what his testimony would have been at trial had he been present. In that letter he stated, "I do not consider this patient a menace to her children nor to their emotional development. She impresses me very favorably."

The substance of appellee's evidence went to appellant's mental condition before her hospitalization and restoration to legal status. However, her mental condition at the time of the trial and the potentiality of harm befalling the child were the factors which should have been given primary consideration in determining her rights. Surrey v. Surrey, D.C.Mun.App., 144 A.2d 421 (1958). No one could better have informed the court as to these matters than a competent psychiatrist who had examined appellant and talked to her doctors. Appellant was fully prepared to present such a witness, but through no fault of hers he was unable to appear. His testimony was essential to her case, and it was an abuse of discretion for the court to reject a request which was patently reasonable under the circumstances. District of Columbia v. Robinson, D.C.App., 208 A.2d 95 (1965). As we stated in Bernard's Fur Shop v. DeWitt, D.C.Mun.App., 102 A.2d 462, 464 (1954):

> "* * * Although continuances on on the date set for trial are to be discouraged, nevertheless when a party or an important witness is unable to be present because of illness, the party

ought not to be deprived of the opportunity of presenting his case. * * *"

We find the other assignments of error without merit.

Reversed with instructions to take further evidence concerning appellant's present mental condition.