## THOMAS HOOPER *v.* HENRY M. HYAMS, Executor.

A jury may be prayed for in a supplemental answer; but it will be in the discretion of the court to permit such answer to be filed. It will be properly rejected where the jurors summoned for the term have been discharged, and allowing a jury would delay the trial a whole term.

An affidavit for a continuance on the ground of the indisposition of the principal counsel, unaccompanied with any allegation that he was in possession of papers necessary on the trial, will be disregarded, where the circumstances of the case induce the belief that it was made for delay.

THIS case was tried before the District Court of Rapides, *Boyce*, J.

The plaintiff and Isaac Thomas, his security, have appealed from a judgment dissolving an injunction with damages. The defendant was testamentary executor of George Gorton, deceased.

*Thomas, pro se,* and *Ogden,* for the appellants.

*Dunbar* and *Hyams, propria persona,* for the defendant.

MARTIN, J. The plaintiff obtained an injunction to stay proceedings on an order of seizure and sale, on the ground that one of the slaves which he had purchased, was, at the time, afflicted with a redhibitory malady, the dropsy, of which he afterwards died. He prayed that the sale might be annulled and set aside as to that slave, or that he might have a deduction from the price he agreed to pay for the slaves he bought. The defendant denied the existence of the malady, and averred that if it did exist, it was not to his knowledge, or to that of the persons entitled to the succession. The injunction was dissolved, and the plaintiff and his surety appealed. Our attention is arrested on a bill of exceptions taken to the opinion of the court, refusing leave to the plaintiff to amend his petition by a prayer for a jury, no jury being in attendance. It does not appear to us that the court erred. In the case of *Davis' Heirs* v. *Prevost,* 6 Martin, N. S., 265, we held that a jury may be prayed for in an amended answer, but it is in the discretion of the court to permit such answer to be filed; and in the case of *Green* v. *Boudurant,* 7 Id., 230, we held, that a jury is properly refused, when the jurors summoned for the term are discharged, and the granting of one would have delayed the trial of the cause a whole term. A second bill of exceptions was taken to the opinion of the court,

refusing a continuance on the plaintiff's affidavit of the indisposition of his principal counsel, without whose aid he could not safely go to trial, his other counsel not being sufficiently informed of the facts of the case, and there not being sufficient time to give him the necessary information. The affidavit concluded with the other averments required by law in such a case. We do not think the court erred; the case had been continued several times, and once on an affidavit perfectly similar. It was not alleged that the absent counsel was in possession of papers necessary to be produced. The case appears to be a simple one from the pleadings, depending principally on a single question of fact. A close examination of the testimony, has left on us the impression that the court correctly gave judgment for the defendant.

*Judgment affirmed.*