203 So.2d 832 (1967)
Joy Reeves MANLEY, Plaintiff-Appellee,
v.
L. B. MANLEY, Defendant-Appellant.
No. 10874.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1967.
Rehearing Denied November 28, 1967.
Love, Rigby, Donovan, Dehan & Love, Shreveport, for appellant.
Johnston & Johnston, Shreveport, for appellee.
Before AYRES, BOLIN and BARHAM, JJ.
BOLIN, Judge.
Mrs. Joy Reeves Manley brought suit against L. B. Manley for partition of the community property following judgment of separation between the parties. In due course an inventory of the community property was taken by a notary public appointed by the court. Mr. Manley filed an opposition to the inventory on numerous grounds. The date for hearing the opposition was continued and reset on several occasions. On the date finally fixed for the hearing the trial judge refused to continue the case again and proceeded to hear the evidence. On May 4, 1967, judgment was rendered homologating the inventory from which judgment defendant appeals.
There was no evidence offered to contradict the inventory submitted by the notary. Counsel for appellant, in brief before this court, specify "The sole issue on this appeal and the error complained of on the part of the District Judge, is whether or not the Judge abused his discretion in failing to grant appellant a continuance on May 4, 1967."
Only pertinent facts relating to the refusal to grant the motion for a continuance will be stated. The opposition to the inventory *833 was filed by defendant on February 22, 1967. This opposition and several other rules were fixed for hearing on March 17, 1967. On that date counsel for defendant filed a motion for continuance on the ground Mr. Manley's physical condition was such that he was unable to attend trial. A certificate by Dr. J. D. Harbison of Lake Village, Arkansas, and a letter from Dr. C. S. Sentell of Minden, Louisiana, were attached to the motion which was overruled. Hearing was held on March 17, 1967, during which evidence was adduced in part and the case was held open until April 13, 1967, for the taking of further testimony. Although defendant was not present for this hearing he was represented by counsel and at the conclusion of the hearing the trial judge ruled:
"* * * the case will be continued until April 13th, with the understanding that Mr. Manley will either be present for the trial or his testimony will be taken by deposition."
On April 5, 1967, counsel for defendant filed a formal motion for continuance of the hearing, which had been set for April 13, 1967, and in support thereof attached a letter by Dr. Harbison dated March 30, 1967, stating defendant was still under his care for "weight loss, anorexia, insomnia, pulmonary emphysema, substernal chest pain on exertion, Parkinsonism, and recurrent acute anxiety reactions." He recommended his patient "not be placed under any additional emotional or physical stress at this time and for as yet, an undetermined period of time. I definitely must recommend strongly that he not make an appearance in court or even undergo the emotional trauma of making a deposition." The court granted this continuance and refixed the hearing for April 27, 1967. Without any formal request the case was again postponed and refixed for hearing on May 4, 1967. On this latter date defendant, though absent, was represented by counsel who again filed a motion for continuance. In support of this motion the deposition of Dr. Harbison, reiterating his previous diagnosis and prognosis, was introduced. This motion was overruled and judgment was rendered in favor of plaintiff homologating the inventory.
Louisiana Code of Civil Procedure, Article 1601, provides:
"A continuance may be granted in any case if there is good ground therefor."
In the official comments under the above article we find the statement:
"(a) The general discretionary power of the court to grant continuances under the provisions of Art. 468 of the 1870 Code of Practice is retained by this article." * *
Cases decided under La.C.C.P. 1601 and Article 468 of the Code of Practice uniformly hold the question of whether a continuance should be granted is a matter which should be left to the sound discretion of the district court, and the action of the district judge in regard thereto should not be interfered with unless it clearly appears the judge has abused his discretion. Berger v. Johnson, 141 So.2d 164 (La.App. 4 Cir. 1962), Gillentine v. McLeod, 70 So.2d 384 (Orl.App.1953).
The trial judge, having initially heard the suit for a separation some two years prior to the instant litigation, was more familiar with the facts surrounding the case than is this court. On the appeal before us the official transcript comprises three volumes, two of which deal directly with matters already settled, and for this reason we have omitted any reference to the mass of pleadings and complaints incorporated therein. However, from our examination of the pertinent portion of the record we are convinced the trial judge was of the opinion defendant, even though in poor health, had been given ample time and opportunity either to personally appear for the hearing of the rule to homologate the inventory or to have his testimony taken by other legal means. Plaintiff has rights to be protected, as well as the defendant, and to postpone indefinitely the hearing, finally *834 held on May 4, 1967, would have been unwarranted and a travesty of justice. We conclude the record fails to show the trial judge abused his discretion in refusing to continue the hearing.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.
Affirmed.