220 So.2d 246 (1969)
Alice W. MATTHEWS, Plaintiff in Rule-Appellee,
v.
Earl L. MATTHEWS, Defendant in Rule-Appellant.
No. 2600.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1969.
*247 Rogers, McHale & St. Romain, Robert M. McHale, Lake Charles, for defendant-appellant.
Kay, Kay & Stewart, by Herman I. Stewart, Jr., DeRidder, for plaintiff-appellee.
Before TATE, FRUGÉ and HOOD, JJ.
TATE, Judge.
A husband appeals from the award to his wife of $160 monthly alimony for support of the three minor children of the marriage. The judgment also dismissed his reconventional demand to obtain custody of such children. (By earlier proceedings, the husband had obtained a divorce, but his wife had been awarded the children.)
In urging reversal, the husband urges solely that he was in effect denied legal representation because the trial court denied a continuance when his trial counsel fell ill on the day of the trial.[1]
On the morning of the trial, the former counsel first filed an exception of no cause and no right of action, then moved for a continuance because the courtroom was too cold (the minute entry showing that the deputy sheriff had turned off the air conditioners and opened the doors because of such complaint), then moved for a continuance on the ground that he did not feel well enough to try the case and needed medical attention.
The trial court recessed at 11:40 A.M., requesting that counsel secure a physician's certificate, and stating that the court would rule on the continuance motion at 1:30 P.M. When the court reconvened at 1:30 P.M., counsel for plaintiff was not present. The court announced that counsel's wife had called from Leesville, twenty miles away, to say her husband had gone to bed.
The court overruled the motion for continuance, observing that this was not the first episode of this nature experienced with the lawyer in question. The court noted that the attorney had made no effort to contact a physician in the courthouse city nor at his home in Leesville, that the issue of child support was one entitled to expeditious hearing, and that a continuance without proof of real illness would be unduly burdensome to the witnesses for the wife, who had come from some two hundred miles away for the trial.
The court proceeded with the trial, with the husband being asked following each witness if he wanted to ask any questions. The husband also replied in the negative, when asked if he wished to testify on direct or whether he had any witnesses. To the court's question whether his attorney *248 had planned to present any witnesses, the husband replied, "Not as I know of, sir."
The evidence shows that the husband was a high-ranking army sergeant, with pay of $496.20 per month and quarters and subsistence allowance of $147 monthly. The wife presented testimony that the needs of the three children amounted to about $200 per month. The trial court allowed her $160 for these needs.
In the granting of continuance on discretionary grounds, LSA-C.C.P. Art. 1601, the trial court has a large discretion which should not be disturbed on review in the absence of clear abuse. Manley v. Manley, La.App. 2d Cir., 203 So.2d 832. However, this discretion may not be exercised arbitrarily, where a denial of a continuance founded on a good-faith ground may deprive a litigant of his day in court. State ex rel. Armstrong v. McNoughton, 183 La. 697, 164 So. 630, 631; Lindsey v. Escude, La.App. 3d Cir., 189 So.2d 465.
Thus, the trial court may abuse its discretion by refusing a continuance requested because of the sudden and bona fide illness of principal trial counsel. Lambert v. Bunge Corporation, La.App. 4th Cir., 169 So.2d 207. Nevertheless, the mere allegations of indisposition of counsel do not entitle the mover to a continuance, and the trial court's denial will be upheld where the circumstances of the case induce the belief the motion was made merely for delay. Hooper v. Hyams, 1 Rob. 90 (La. Sup.Ct., 1841). Also, where a continuance is denied, the absence of counsel at the trial will not entitle the mover to a reversal of the judgment unless there is a showing that, as a consequence, evidence was not produced which might have produced a different result. Hall v. St. Paul Mercury Indemnity Co., La.App. 1st Cir., 86 So.2d 751.
We have concluded that the failure of the trial court to grant a continuance is not shown to be an abuse of his discretion nor reversible error. In this regard, we take into consideration the circumstances indicating delay rather than real illness as the reason for which the continuance was sought (including the trial court's ability to observe complaining counsel and the lack of medical corroboration), the lack of showing of actual prejudice to the husband,[2] and the prejudice to children in need of support to result from a continuance of this alimony hearing and to the wife (and to their witnesses who had come from afar to testify). See also: Annotation, ContinuanceIllness of Counsel, 7 A.L.R.2d 498 (1959); 17 C.J.S. Continuances § 36; 17 Am.Jur.2d Continuance, Section 14.
Further, reviewing the record, the award of $160 monthly alimony for the support of the three children seems justified by the evidence. We deem it unlikely, in view of the husband's earnings and military fringe benefits, that the award would have been substantially different even if it had been vigorously contested.
Finding no error, we therefore affirm the judgment appealed from. The husband-appellant is to pay the costs of this appeal.
Affirmed.
NOTES
[1] Following adverse judgment upon non-appearance of his counsel, the husband discharged him and retained new counsel, who moved for new trial and who prosecutes this appeal on behalf of the husband.
[2] Even at the evidentiary hearing on the application for new trial, no proof was attempted of evidence not produced because of absence of counsel, which might have effected a different result. At the trial the husband admitted that he and his counsel had not planned to call any witnesses.