271 So.2d 596 (1972)
C. P. POWELL
v.
Freddie GIDDENS.
No. 9106.
Court of Appeal of Louisiana, First Circuit.
December 26, 1972.
Orlando Bendana, New Orleans, for appellant.
Robert A. Anderson, Jr. and Richard Massony, Covington, for appellee.
Before LOTTINGER, ELLIS and CUTRER, JJ.
CUTRER, Judge.
C. P. Powell brought suit against Freddie Giddens for damages as a result of injuries allegedly received by Powell when he was struck by Giddens in an altercation occurring March 27, 1971. Suit was filed on May 21, 1971. A motion for a thirty day extension of time to answer was granted May 31, 1971. Issue was joined July 21, 1971. A motion to fix the case for trial was filed July 26, 1971. A pretrial notice, addressed to both counsel dated October 20, 1971 and fixing the pretrial for November 15, 1971 at 11:30 A.M., provided "If you cannot be present at that time, please notify this office within one week of receipt of this notice, otherwise no continuance will be granted." A pretrial order, signed by both counsel, was filed November 12, 1971 in compliance with the pretrial notice. A pretrial conference was held November 15, 1971, which conference defendant's counsel failed to attend. A trial notice was mailed by the clerk to counsel on November 15 or 16, 1971, setting the case for trial on Wednesday, May 10, 1972. On the morning of trial, the trial judge received, in the mail, a motion by defendant's counsel for a continuance on the ground that defendant's attorney *597 had a trial scheduled in another district court and would be unable to be present. Counsel for defendant did not contact the trial judge in regard to the conflict or the motion for a continuance. The defense counsel made no appearance at the trial nor does the record reveal that any appearance was made by Giddens. The trial proceeded as an uncontested matter and at the close of the evidence the trial judge held as follows:
"BY THE COURT: Let the record show in this matter that the Court held a Pre-Trial Conference herein on November 15, 1971. At the Pre-Trial Conference the Court set this matter for trial on May 10, 1972. The record indicates Mr. Bendana did not appear for the Pre-Trial Conference; however, notice of assignment was sent to Mr. Bendana according to the testimony of the Deputy Clerk of Court either on November the 15th or November 16th of 1971. On the morning this case was set for trial, May 10, 1972, the Court received a Motion for a Continuance from Mr. Bendana on the grounds of a prior conflict. Under the circumstances present here, the Court in its discretion denies the motion for a continuance and after hearing the evidence presented by the plaintiff, the court grants judgment in favor of the plaintiff in the amount of $3,000.00 plus cost with all costs to be paid by the defendant."
A motion for a new trial was filed May 12, 1972 which motion was summarily denied.
This suspensive appeal alleges only one ground for reversal or remand. The appellant presents the following assignment of error.
"The trial court clearly abused his authority granted him in LSA-C.C.P. Art. 1601 by refusing the Motion for Continuance where the refusal of continuance deprived a litigant of his day in Court and prevented the defendant from showing evidence that would have produced a different result: Especially since the motion's circumstances could not induce the belief that it was made merely for delay."
In the granting of a continuance on discretionary grounds. LSA-C.C.P. Article 1601, the trial court has a large discretion which should not be disturbed on review in the absence of clear abuse. Manley v. Manley, 203 So.2d 832 (La.App. 2d Cir. 1967). However, this discretion may not be exercised arbitrarily, where a denial of a continuance founded on a good-faith ground may deprive a litigant of his day in court. State ex rel. Armstrong v. McNoughton, 183 La. 697, 164 So. 630 (1935); Lindsey v. Escude, 189 So.2d 465 (La.App. 3d Cir.1966); Matthews v. Matthews, 220 So.2d 246 (La.App. 3d Cir. 1969).
In the case of Schiro v. Monteleone, 2 La.App. 280 (1925) the court held as follows:
"It has been repeatedly held that a continuance will not be granted on account of the absence of counsel engaged in professional business elsewhere. Johnson vs. Deen, [Dean] 48 La.Ann. 100, 18 South. 902."
A review of the cases relied upon by appellant clearly reflects that they are not applicable to this case. In making a determination of whether a trial court has abused its discretion in denying a continuance, each case turns upon its particular facts and circumstances. We notice in each instance where a motion for continuance is granted, there exists circumstances which reflect diligence, good faith and reasonable grounds therefor. Under the circumstances of this case, these ingredients are lacking.
Counsel for appellant received notice of the trial date approximately six months in advance. He had previously received notice of a fixing in another court on the same date. He had knowledge of the conflict for a period of approximately six months before the trial date. No steps *598 were taken by counsel to notify the court of the conflict prior to the date of trial. No appearance before the court was made at any time, at pretrial conference or the day of trial. The record reflects no circumstances which could mitigate the situation in favor of appellant.
The trial courts are under a duty to schedule their trial work and dispose of same expeditiously to alleviate the continuous problem of crowded dockets. Trial counsel, as officers of the court, have corresponding duties of diligence, and to make a good-faith effort to assist the courts with the disposition of cases set for trial. When a trial counsel fails in this duty, through inexcusable neglect, he forfeits his day in court. Appellant counsel has failed, without good reason, to perform this duty owed to the trial court.
Finding no error, we therefore affirm the judgment appealed from. Appellant is to pay all costs.
Affirmed.