## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-696


SUCCESSION OF SIMON HARRELL, ET AL.

VERSUS

ERRIS-OMEGA PLANTATION, INC., ET AL.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 222,091
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.


**AFFIRMED.**


**Michael L. Glass**
**1733 White Street**
**Alexandria, LA 71301**
**(318) 484-2917**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Wilbert Joseph Saucier, Jr.**
    **Erris-Omega Plantation, Inc.**

**Myles J. Johnson**
**2820 Jackson Street**
**Alexandria, LA 71301**
**(318) 542-4102**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Wilbert Joseph Saucier, Jr.**
    **Erris-Omega Plantation, Inc.**

**Gerard N. Torry**
**516 Napoleon Street**
**Baton Rouge, LA   70802**
**(225) 387-0850**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Succession of Simon Harrell and Clara Harrell**

**AMY, Judge.**

This long-standing litigation is about the plaintiffs' efforts to establish a predial servitude over the defendants' property. This appeal concerns the trial court's judgment dismissing the plaintiffs' petition to annul judgment after neither the plaintiffs nor their counsel appeared for a hearing on that issue. For the following reasons, we affirm. The defendants' request for damages for frivolous appeal is denied.

### Factual and Procedural Background

The record indicates that the plaintiffs, the Succession of Simon Harrell and Clara Harrell, are the owners of an enclosed estate. Alleging that the defendants, Erris-Omega Plantation, Inc. and Wilbert J. Saucier, Jr., had interfered with their historical way of access, the Harrells filed this suit seeking a servitude in their favor. Some time later, the parties entered into a purported stipulated agreement on the record. Contending that the plaintiffs had failed to abide by the terms of the settlement, the defendants later sought to enforce the settlement. When neither the plaintiffs nor their attorney appeared at the hearing on the motion to enforce settlement, the trial court granted the motion.

The plaintiffs then filed a petition to annul judgment. At a hearing on the petition to annul the judgment, counsel for the plaintiffs, Gerard Torry, argued that the stipulation was not enforceable because the agreement had not been presented to his clients for review and that the trial court had inappropriately denied his request for a continuance for the hearing on the motion to enforce settlement. The trial court subsequently entered judgment dismissing the plaintiffs' petition and barring the plaintiffs, their successors, heirs and assigns from seeking a legal servitude across the defendants' property.

The plaintiffs appealed, and the trial court's judgment was initially affirmed by this court. *Succession of Harrell v. Erris-Omega Plantation, Inc.*, 10-138 (La.App. 3 Cir. 6/2/10), 41 So.3d 1215. The supreme court later granted the plaintiffs' writ application, finding in part that there was confusion over the continuance request and that the judgment granted relief not prayed for. *Succession of Harrell v. Erris-Omega Plantation, Inc.*, 10-2059 (La. 12/17/10), 50 So.3d 158. Thus, the supreme court remanded the matter to the trial court for further proceedings on the plaintiffs' petition to annul the April 20, 2009 judgment.

After a pretrial conference, which the trial court noted was attended by all counsel of record, the trial court set a telephone scheduling conference. The record indicates that the plaintiffs filed a motion for continuance late in the afternoon the day before the telephone scheduling conference. At the hearing on the petition to annul the judgment, the trial court observed that they were unable to reach plaintiffs' counsel and the telephone scheduling conference was conducted without him. The trial court subsequently denied the motion for continuance as moot. At a later hearing, the trial court noted that he was unaware the motion had been filed because the plaintiffs did not provide his office with a courtesy copy. The plaintiffs sought supervisory writs for the denial of the motion for continuance of the telephone scheduling conference, which were denied by both this court and the supreme court.

Trial dates were set for August 17, 2011, and, alternatively, August 23, 2011. Contending that their attorney had conflicts with both dates, the plaintiffs filed a motion to continue the trial dates on July 20, 2011. However, the record indicates that motion to continue was held by the Clerk of Court's office due to outstanding court costs. Once the costs were paid, the motion to continue was processed and presented to the trial court. The trial court denied the motion to continue the trial dates on August 15, 2011, i.e., two days before the trial date.

2

Accordingly, on August 17, 2011, a hearing was conducted on the plaintiffs' petition to annul the judgment. The record indicates that neither the plaintiffs nor their counsel appeared at the hearing. The trial court noted that the start of the hearing had been delayed while efforts were made to contact plaintiffs' counsel. According to the trial court, a voicemail was left at plaintiffs' counsel's office inquiring whether he was en route to the hearing. Further, the trial court also discussed the plaintiffs' July 20, 2011 motion to continue, stating that after he received the motion on August 15, 2011, he was able to contact defense counsel but not plaintiffs' counsel. The trial court indicated that he left a message for plaintiffs' counsel and attempted to fax a copy of the order denying the motion to continue to plaintiffs' counsel's office but was unable to do so because plaintiffs' counsel's fax number was not working. The trial court also noted that on August 16, 2011, he received a voicemail from plaintiffs' counsel stating that he had a previously scheduled matter and that he had filed a writ.

After taking a brief recess and instructing his bailiff to sound the hallway, the trial court took up the plaintiffs' petition to annul the judgment. The defendants moved for dismissal based on the plaintiffs' failure to appear and prosecute the case. The trial court granted the defendants' request, dismissing the plaintiffs' petition to annul the judgment with prejudice.

The plaintiffs now appeal, asserting as error that:

1. The trial court erred in departing from Rule 9.14(b) of the Uniform Rules of the District Courts, Appendix 9.14 (Ninth Judicial District Court Rule) and the Louisiana Code of Civil Procedure Article 1551, by scheduling the matter for a "Pre-trial Conference" and the subsequent telephone conference.

2. The trial court erred by scheduling this matter for trial in the absence of plaintiffs' counsel and without any input from plaintiffs' counsel.

3. The trial court erred by denying the plaintiffs' Motion for Continuance and thus denying the plaintiffs their day in court.

3

The defendants have filed an answer to the appeal, alleging that this appeal is frivolous and seeking attorney fees and costs.

## Discussion

*Pre-trial Conference & Telephone Scheduling Conference*

The plaintiffs first contend that the trial court erred in scheduling a pre-trial conference and in failing to consider the plaintiffs' input in scheduling a trial date. According to the plaintiffs, the trial court should have scheduled a scheduling conference pursuant to La. Uniform Rules of Court Rule 9.14, which would have avoided the later scheduling problems.

Louisiana Code of Civil Procedure Article 1551 addresses pretrial conferences, stating, in relevant part:

A. In any civil action in a district court the court may in its discretion direct the attorneys for the parties to appear before it for conferences to consider any of the following:

(1) The simplification of the issues, including the elimination of frivolous claims or defenses.

(2) The necessity or desirability of amendments to the pleadings.

(3) What material facts and issues exist without substantial controversy, and what material facts and issues are actually and in good faith controverted.

(4) Proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence.

(5) Limitations or restrictions on or regulation of the use of expert testimony under Louisiana Code of Evidence Article 702.

(6) The control and scheduling of discovery including any issues relating to disclosure or discovery of electronically stored information, and the form or forms in which it should be produced.

(7) Any issues relating to claims of privilege or protection of trial preparation material, and whether the court should include agreements between counsel relating to such issues in an order.

(8) The identification of witnesses, documents, and exhibits.

4

(9) The presentation of testimony or other evidence by electronic devices.

(10) Such other matters as may aid in the disposition of the action.

Accordingly, a trial court has wide discretion to provide for pretrial orders and to ensure that the terms of the order are enforced. *Russell v. H & H Metal Contractors, Inc.*, 11-27 (La.App. 3 Cir. 6/1/11), 65 So.3d 806.

Louisiana Uniform Rules of Court Rule 9.14, which addresses fixing a matter for trial or a hearing and scheduling orders, provides that:

> (a) The date on which a motion to fix for trial on the merits may be made, and the method of setting a date for trial or hearing of a matter, including deadlines for scheduling orders, pre-trial briefs, contact with jurors, or any other matter, shall be determined by each district court as set forth in Appendix 9.14.
>
> (b) Any party may request in writing, or the court on its own motion may order, a La. Code Civ. Proc. art. 1551 scheduling conference between counsel and the court to which the case has been allotted. Within thirty days after receiving a request for a scheduling conference, the court shall schedule a conference for the purpose of addressing those matters set forth in La. Code Civ. Proc. art. 1551. The scheduling conference may be held by any appropriate means, including in person, by telephone, or teleconference.

We note that the district court's local rules state that "[a]fter all pleadings are filed, either party may file motion to set for trial." *See* Rules for Louisiana District Courts, 9th Judicial District Court, Rule 9.14.

We find no merit in the plaintiffs' contention that the trial court erred in scheduling a pretrial conference pursuant to La.Code Civ.P. art. 1551. That article clearly grants the trial court the discretion and authority to "direct the attorneys for the parties to appear before it," for a pretrial conference to discuss, among other issues, "[s]uch other matters as may aid in the disposition of the action." La.Code Civ.P. art. 1551(10). Although there is no order in the record indicating what occurred at the

5

pretrial conference, all counsel of record attended the pretrial conference.[1] Further, in brief, the plaintiffs do not object to the content of the pretrial conference, only the fact that one was held.

The plaintiffs also contend that the trial court should have "afford[ed] the plaintiffs an opportunity to participate in a scheduling conference pursuant to Rule 9.14(b) of the Uniform Rules of the District Courts and C.C.P. art. 1551." However, we note that the trial court did set such a scheduling conference after the plaintiffs' motion for leave of court to file first supplemental and amending petition[2] had been granted and after the defendants had answered the plaintiffs' supplemental and amending petition. The record indicates that on May 9, 2011, the trial court issued an order setting the telephone conference for May 19, 2011.[3]

According to the record, counsel for the plaintiffs did not file a motion for continuance of the telephone scheduling conference until late in the afternoon on May 18, 2011. The record also indicates that the trial court did not learn that the plaintiffs had filed a motion for continuance until after the scheduling conference had already occurred. The trial court thus denied the motion for continuance as moot. The plaintiffs do not contend in their appellate brief that the trial court erred in failing to

---

[1] The plaintiffs have attached to their appellate brief a letter dated March 23, 2011, objecting to the pre-trial conference on the basis that a scheduling conference is appropriate. Although the letter is file-stamped by the Rapides Parish Clerk of Court, the stamp is not signed by the Clerk's office and a copy of the letter does not appear in the record. It is well settled that an appellate court "shall render any judgment which is just, legal, and proper upon the record on appeal." La.Code Civ.P. art. 2164. However, an appellate court cannot receive new evidence and cannot review evidence which is not in the record on appeal. *Reed v. Peoples State Bank of Many*, 36,531 (La.App. 2 Cir. 3/5/03), 839 So.2d 955. In that vein, the briefs of the parties and any attachments thereto are not part of the record on appeal. *Id.*

[2] The plaintiffs titled this document, which was filed on March 23, 2011, their first supplemental and amending petition. However, we observe that the record indicates that a supplemental and amending petition was previously filed in 2007.

[3] The order setting the telephone scheduling conference does not appear in the record. The plaintiffs attached a copy of the order, which is file-stamped by the Clerk of Court, to their appellate brief. *See Reed*, 839 So.2d 955. However, the transcript of the hearing held on August 17, 2011, indicates that the telephone scheduling conference was set on May 9, 2011, for May 19, 2011, at 9:00 a.m.

grant the motion to continue the telephone scheduling conference.[4] Thus, we find that the trial court did provide the plaintiffs with an opportunity for input in selecting the dates for trial.

Accordingly, we find that the trial court did not abuse its discretion with regard to either the pretrial conference or the telephone setting conference. The plaintiffs' contention that the trial court erred in doing so is without merit.

*Motion for Continuance of the August 17 and August 23 Hearing Dates*

The plaintiffs also contend that the trial court erred in denying their motion to continue the hearing on the petition to annul the judgment.

The peremptory grounds for a motion to continue are found in La.Code Civ.P. art. 1602, which states that:

> A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.

Absent one of those grounds, the discretionary grounds for a continuance are delineated in La.Code Civ.P. art. 1601, which states that "[a] continuance may be granted in any case if there is good ground therefor." The trial court has wide discretion in ruling on a motion for continuance, and that ruling will not be disturbed absent a clear showing of abuse of discretion. *Succession of Stark*, 06-190 (La.App. 3 Cir. 7/5/06), 934 So.2d 901 (citing *Sauce v. Bussell*, 298 So.2d 832 (La.1974)). The decision to grant or deny a continuance is dependent on the facts of the case and may include consideration of such factors as diligence, good faith, reasonable grounds, fairness to both parties, and the need for the orderly administration of justice. *Ardoin v. Bourgeois*, 04-1663 (La.App. 3 Cir. 11/2/05), 916 So.2d 329. Another factor which

---

[4] On August 12, 2011, in an unpublished writ bearing docket number 11-859, this court denied the plaintiffs' writ application. The supreme court subsequently denied the plaintiffs' writ application on August 17, 2011, in an unpublished writ bearing docket number 11-1806.

7

may be considered is the defendant's right to have his case heard as soon as practicable. *Gilcrease v. Bacarisse*, 26,318 (La.App. 2 Cir. 12/7/94), 647 So.2d 1219, *writ denied*, 95-421 (La. 4/30/95), 651 So.2d 845 (citing *Lambert v. Heirs of Adams*, 325 So.2d 331 (La.App. 3 Cir. 1975), *writ denied*, 329 So.2d 458 (1976)). "However, this discretion may not be exercised arbitrarily, where a denial of a continuance founded on a good-faith ground may deprive a litigant of his day in court." *Powell v. Giddens*, 271 So.2d 596, 597 (La.App. 1 Cir. 1972).

A review of the record indicates that this litigation has been pending since 2007. Since that time, multiple continuances have been filed, some attributable to the plaintiffs and some to the defendants. Further, the record reveals that plaintiffs' counsel has, on more than one occasion, sought continuances in an untimely manner. At least one time, that tendency was compounded by plaintiffs' counsel's failure to alert the trial judge to the existence of such late-filed motions for continuance.

According to the record, the defendants' motion to enforce settlement was set for a hearing on April 20, 2009. Approximately one month after the hearing was set and five days before the hearing date, plaintiffs' counsel fax-filed a motion for continuance, asserting that he had a previously scheduled hearing on that date. However, the motion erroneously stated that the hearing was set for May 20, 2009. The defendants opposed the motion for continuance. After neither plaintiffs nor their attorney appeared at the hearing on April 20, 2009, the trial court granted the defendants' motion to enforce settlement. The Clerk of Court received the original motion for continuance on April 27, 2009, and presented it to the trial court. The trial court then granted the order continuing the "May 20, 2009" hearing.

We observe that, in his reasons for judgment regarding the dismissal of the plaintiffs' petition to annul judgment, dated December 1, 2009, the trial court

addressed the series of events concerning the motion for continuance of the April 20, 2009 hearing and noted that:

> When dealing with pleadings requiring a Judge's signature that are filed via facsimile, it is the practice of the Rapides Parish Clerk of Court to submit the pleading to the Judge for consideration upon receipt of the original documents from the attorney, whether it be by hand delivery or by mail.

The trial court's dismissal of the plaintiffs' petition to annul judgment was reversed by the supreme court based, in part, on the confusion resulting from the motion for continuance of the April 20, 2009 hearing. *See Succession of Harrell v. Erris-Omega Plantation, Inc.*, 10-2059 (La. 12/17/10), 50 So.3d 158.

Having thus been put on notice that fax-filed pleadings would not be presented to the trial court until receipt of the original document from the attorney and that late-filed pleadings could cause problems with the orderly administration of the court, counsel for the plaintiffs presented other motions for continuance to the trial court in a similar method on more than one occasion. With regard to the May 19, 2011 telephone scheduling conference, the record indicates that the plaintiffs fax-filed a motion for continuance of the telephone scheduling conference on May 18, 2011, at 3:19 p.m. The original was received by the Clerk of Court's office on May 19, 2011, at 10:04 a.m. Therein, the plaintiffs requested a continuance of the telephone scheduling conference, citing a previously scheduled conflict in their attorney's calendar. The trial court denied the motion as moot on May 23, 2011, noting that the matter was set for trial. At the hearing held on August 17, 2011, the trial court noted that plaintiffs' counsel had not provided the trial court with a courtesy copy of the May 18, 2011 motion for continuance and that it did not learn that a motion for continuance had been filed until after the telephone setting conference had been held.

Thereafter, the plaintiffs sought supervisory writs from this court. On August 12, 2011, in an unpublished writ bearing docket number 11-859, this court denied the plaintiffs' writ application, stating:

> **WRIT DENIED.** We find no error in the trial court's ruling. Furthermore, we find that the issue of whether the relator should be granted a continuance based on conflicts with the trial dates chosen is premature since this issue must first be presented to the trial court.

The supreme court subsequently denied the plaintiffs' writ application on August 17, 2011, in an unpublished writ bearing docket number 11-1806. *See Succession of Simon Harrell v. Erris-Omega Plantation, Inc.*, an unpublished writ bearing docket number 11-859 (La.App. 3 Cir. 8/12/11), *writ denied*, 11-1806 (La. 8/17/11).

Similarly, after being notified that hearing dates had been selected for August 17, 2011 and August 23, 2011, the plaintiffs filed a motion for continuance in the trial court. That motion was not filed until July 20, 2011, almost two months after the telephone scheduling conference. Therein, the plaintiffs' attorney contended that he had previously scheduled matters which conflicted with the trial dates scheduled on August 17, 2011, and August 23, 2011. The defendants opposed the motion for continuance. However, according to the record, the July 20, 2011 motion was held by the Clerk of Court's office because the plaintiffs owed outstanding court costs. After the court costs were paid, the motion for continuance was presented to the trial court and, on August 15, 2011, the trial court denied the motion for continuance, noting that the matter had been set for a hearing on May 19, 2011, and that this court denied the plaintiffs' writ application on August 12, 2011.

At the hearing held on August 17, 2011, the trial court addressed the plaintiffs' motion to continue, stating that after he received the motion on August 15, 2011, he was able to contact defense counsel but not the plaintiffs' attorney. According to the trial court, he left a message for plaintiffs' counsel and attempted to fax a copy of the

order denying the motion to continue to plaintiffs' counsel's office but was unable to do so because plaintiffs' counsel's fax number was not working. The trial court also noted that on August 16, 2011, he received a voicemail from the plaintiffs' attorney stating that he had a previously scheduled matter and that he had filed a writ.[5]

According to the record, neither the plaintiffs nor their attorney appeared at the August 17, 2011 hearing. The trial court noted that the hearing had been delayed while efforts were made to contact the plaintiffs' attorney. The trial court left a voicemail message inquiring as to whether plaintiffs' counsel was on his way to the hearing and had the hallway sounded for any parties that may have shown up for the hearing. The defendants then made a motion to dismiss based on the plaintiffs' failure to appear and prosecute their case, which was granted by the trial court.

Although a trial court may not arbitrarily deny a motion for continuance when a good-faith ground exists for the continuance and the denial would deprive a party of their day in court, a review of the record reveals that "these ingredients are lacking." *Powell*, 271 So.2d at 597. Further, as stated in *Rodriguez-Farr Agency, Inc. v. Sharp*, 431 So.2d 889, 892 (La.App. 2 Cir.), *writ denied*, 439 So.2d 1075 (La. 1983):

> There is no right to a continuance because of a conflict in counsel's schedule. There is no abuse of discretion in denying a continuance, requested on grounds of a conflict in counsel's schedule, where counsel knew or should have known of the conflict for a substantial period of time, and fails to act to obtain a continuance until the last minute.

*See Jackson v. Royal Ins. Co.*, 97-723 (La.App. 3 Cir. 12/17/97), 704 So.2d 424.

The evidence in the record indicates that the plaintiffs' attorney had knowledge of the conflict for almost two months before he filed his motion for continuance. The plaintiffs failed to pay outstanding court costs for several weeks, further delaying the presentation of the motion to the trial court. The plaintiffs' repeated late-filed motions

---

[5] There is no evidence in the record that the plaintiffs sought supervisory writs with regard to the denial of the July 20, 2011 motion for continuance.

for continuance had a negative effect on the defendants' right to have the case heard as soon as possible and on the orderly administration of justice. *See Gilcrease*, 647 So.2d 1219; *Sather v. White*, 388 So.2d 402 (La.App. 1 Cir. 1980). Further, the transcripts reveal little or no effort on the part of plaintiffs' counsel to provide the trial court with notice that there were late-filed motions and to find out whether or not his motions had been granted. Given the discretion afforded the trial court in granting or denying a motion for continuance, we find no error in the trial court's denial of the motion for continuance.

This assignment of error is without merit.

*Answer to the Appeal*

The defendants have filed an answer to the appeal, contending that this appeal is frivolous and requesting attorney fees and court costs.

Louisiana Code of Civil Procedure Article 2164 permits the appellate court to "award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable." In *Bandaries v. Cassidy*, 11-1267, p. 10 (La.App. 3 Cir. 3/7/12), 86 So.3d 125, 133, *writ denied*, 12-780 (La. 5/25/12), 90 So.3d 412, a panel of this court addressed the award of damages on the basis of frivolous appeal, stating:

> "Damages for frivolous appeals, like sanctions at the trial court level, are utilized to curtail the filing of appeals that are intended to delay litigation, harass another party, or those that have no reasonable basis in fact [or] law." *Johnson v. Johnson*, 08-60, p. 5 (La.App. 4 Cir. 5/28/08), 986 So.2d 797, 801, *writ not considered*, 08-1418 (La. 10/3/08), 992 So.2d 1001. Although we are mindful that La.Code Civ.P. art. 2164 must be strictly construed, "[f]rivolous appeal damages will be awarded if the appellant is trying to 'delay the action' or 'if the appealing counsel does not seriously believe the law he or she advocates.' *Hester v. Hester*, 97-2009, p. 5 (La.App. 4 Cir. 6/3/98), 715 So.2d 43, 46." *Johnson*, 986 So.2d at 801.

Although we find no error in the trial court's judgment, we do not find that the criteria for frivolous appeal exist. Accordingly, we decline to award the defendants attorney fees and costs on the basis of frivolous appeal.

## DECREE

For the foregoing reasons, we affirm the trial court's judgment dismissing the motion to annul judgment filed by the plaintiffs, the Succession of Simon Harrell and Clara Harrell. The defendants, Erris-Omega Plantation, Inc. and Wilbert J. Saucier, Jr.'s, request for damages for frivolous appeal is denied. Costs of this appeal are allocated to the plaintiffs.

**AFFIRMED.**