STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-760

CAROLYN SHIVER, D/B/A LABS

VERSUS

LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20111237
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED.

Malcolm Brasseaux
202 W. Plaquemine Street
Church Point, LA 70525
(337) 684-3355
COUNSEL FOR PLAINTIFF/APPELLANT:
    Carolyn Shiver


Michael J. Breaux
Post Office Box 51106
Lafayette, LA 70505-1106
(337) 235-8000
COUNSEL FOR DEFENDANT/APPELLEE:
    Lafayette City-Parish Consolidated Government

**AMY, Judge.**

This appeal concerns the trial court's denial of a motion for continuance and subsequent grant of a motion for involuntary dismissal. Alleging that health problems had prevented him from properly preparing for the trial, the plaintiff's attorney filed a motion for continuance on the morning of trial. After a contradictory hearing, the trial court denied the motion for continuance. Noting that the plaintiff was not present for trial, the defendant moved for involuntary dismissal, which was granted by the trial court. The plaintiff appeals. For the following reasons, we affirm.

## Factual and Procedural Background

In February 2011, Carolyn Shiver d/b/a LABS brought this action against the Lafayette City-Parish Consolidated Government. Ms. Shiver alleged that a sewer line owned by LCG backed up into her property, causing damages. Ms. Shiver later amended her petition to indicate that Shiver Development, L.L.C. owned the property, which was leased to Laboratory and Analytical Business Services, Inc. Ms. Shiver asserted that she was a guarantor of the lease.

In August 2013, LCG requested that the matter be set for trial, and the trial court scheduled a bench trial for January 27, 2014. On the morning of trial, Ms. Shiver's attorney filed a motion for continuance, asserting that he had been in poor health and was unable to prepare for the trial. The trial court conducted a hearing at which Ms. Shiver's attorney and opposing counsel were present and argument was made. Thereafter, the trial court denied the motion for continuance. Observing that the plaintiff was not present for trial, the defendant moved for

involuntary dismissal pursuant to La.Code Civ.P. art. 1672.[1] The trial court granted the motion and dismissed the plaintiff's claims, with prejudice.

The plaintiff appeals, asserting that the trial court erred in denying the motion for continuance.

## Discussion

*Written Motion for Continuance Not in the Record*

As a preliminary matter, we note that the plaintiff's attorney, Mr. Brasseaux, asserts in brief that his motion for continuance is not contained in the record, and he has attached a copy of the motion to his brief. An appellate court must render judgment based upon the record on appeal. La.Code Civ.P. art 2164. Appellate courts may not review evidence that is not in the appellate record, nor may they receive new evidence. *Denoux v. Vessell Mgmt. Servs., Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84. Documents attached to memoranda do not constitute evidence and may not be considered on appeal. *Id.* Further, appellate courts may not consider facts, memoranda, or exhibits referred to in the appellate briefs if they are not in the appellate record. *Pickett v. J.B. Tuck Land Clearing*, 12-1409 (La.App. 3 Cir. 5/1/13), __ So.3d __.

Louisiana Code of Civil Procedure Article 2132 provides that "[a] record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court." However, in this case, the transcript

---

[1] Louisiana Code of Civil Procedure Article 1672(A)(1) provides that "[a] judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice." We observe that the plaintiff's assignment of error addresses the denial of the motion for continuance, not the trial court's grant of the motion for involuntary dismissal.

of the hearing on the motion for continuance is included within the record and contains sufficient information to resolve the plaintiff's assignment of error.

*Trial Court's Ruling as to Motion for Continuance*

The plaintiff asserts that the trial court erred in denying her motion for continuance. Continuances may be granted on either peremptory or discretionary grounds. La.Code Civ.P. arts. 1601 and 1602. The peremptory grounds for a continuance are when "the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance." La.Code Civ.P. art. 1602. Otherwise, "[a] continuance may be granted in any case if there is good ground therefor." La.Code Civ.P. art. 1601.

The trial court has wide discretion in ruling on a motion for continuance, and absent a clear showing of an abuse of that discretion, the appellate court will not disturb the trial court's ruling on appeal. *Newsome v. Homer Mem. Med. Ctr.*, 10-564 (La. 4/9/10), 32 So.3d 800. In deciding whether or not to grant a motion for continuance, the trial court may consider such factors as diligence, good faith, reasonable grounds, fairness to both parties, and the need for the orderly administration of justice. *Ardoin v. Bourgeois*, 04-1663 (La.App. 3 Cir. 11/2/05), 916 So.2d 329. The defendant's right to have his case heard as soon as possible may also factor into the trial court's decision. *Succession of Harrell v. Erris-Omega Plantation, Inc.*, 12-696 (La.App. 3 Cir. 12/5/12), 104 So.3d 751, *writ denied*, 13-438 (La. 4/5/13), 110 So.3d 595.

The trial court's discretion may not be used arbitrarily where the denial of a continuance based on a good-faith ground may deny a litigant their day in court.

*Matthews v. Matthews*, 220 So.2d 246 (La.App. 3 Cir. 1969). Thus, the denial of a continuance can rise to an abuse of discretion where a litigant's principal trial counsel has a sudden and genuine illness. *Id.* However, counsel's unsupported allegations of illness do not entitle the moving party to a continuance. *Dillard v. Stamm*, 400 So.2d 1112 (La.App. 1 Cir. 1981).

At the hearing on the motion for continuance, Mr. Brasseaux contended that he had been in the hospital and had gotten out "on Labor Day" and that he had been suffering from chest pains, nausea, and headaches. The defendant opposed the motion for continuance, arguing that the defendant was ready for trial and had incurred expenses due to subpoenaing witnesses. The defendant's attorney, Mr. Breaux, also represented that he had contacted Mr. Brasseaux the week before trial and had been informed that the plaintiff intended to seek a continuance. However, Mr. Breaux stated that he had not received the motion for continuance until 10:00 a.m. the morning of trial. After considering these arguments, the trial court denied the motion for continuance.

We find no abuse of discretion in that decision. According to the record, this matter had already been pending for three years. The defendant asserted that it had already incurred expense in preparing for trial, including the cost of subpoenaing witnesses. As evidenced by the transcript, the timeliness of the motion for continuance was of concern to the trial court. According to the arguments presented at the hearing, although Mr. Brasseaux may have been suffering from ill health, his illness was not sudden, and the record reveals that Mr. Brasseaux had knowledge of his need for a continuance at least one week before the trial date. Mr. Brasseaux's statements at the hearing indicates that his health problems became apparent several months before the trial date. Further, according

to Mr. Breaux, at least one week before the trial date, Mr. Brasseaux told Mr. Breaux that he intended to file a motion for continuance but did not actually do so until the morning of trial. The transcript of the hearing contains no explanation for this delay.

Given these circumstances, we find no abuse of discretion in the trial court's denial of the motion for continuance. This assignment of error is without merit.

## DECREE

For the foregoing reasons, the trial court's judgment signed April 7, 2014, is affirmed. Costs of this appeal are assessed to the appellant, Carolyn Shiver.

**AFFIRMED.**