NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 19-375

RONAGNICK CASTLE

VERSUS

MARSHALL ALLEN

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 129627-F
HONORABLE GREGORY P. AUCOIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

D. KENT SAVOIE
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and
D. Kent Savoie, Judges.

AFFIRMED.

**Charles M. Rush**
**202 Magnate Drive**
**Lafayette, LA 70508**
**(337) 235-2425**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Marshall Allen**

**Wren'nel Gibson**
**8550 United Plaza Blvd, Ste. 702**
**Baton Rouge, LA 70809**
**(225) 281-2351**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Ronagnick Castle**

**SAVOIE, Judge.**

Defendant Marshall Allen appeals a judgment finding him in breach of an auto lease and rendering him liable for unpaid amounts owed under the lease. For the following reasons, we affirm.

<u>**Procedural and Factual Background**</u>

On January 23, 2017, Ronagnick Castle filed a Petition for Damages and Breach of Contract against Mr. Allen alleging that on June 18, 2016, the parties entered into a lease for a "2000 Purple Kentworth W900 Semi Truck" and that Mr. Allen failed to make the $1,502.08 monthly payments due on the lease. Mr. Castle sought the return of the truck, or, alternatively, a judgment requiring Mr. Allen to pay the full value of the lease, as well as damages, attorney fees, and interest.

Mr. Allen filed a pro-se answer on February 23, 2017, wherein he alleged that the parties had entered into a sale, rather than a lease, and the title had been signed over to him as contemplated by the sale. He further alleged that the truck required $12,960 in repairs, despite Mr. Castle's representation it only needed minor repairs, and that Mr. Castle had sold the truck due to his going out of business.

On July 27, 2017, Mr. Castle filed a motion to set a trial date, and a status conference was set for August 17, 2017. However, Mr. Allen was not served with the order setting the conference, so it did not go forward. Over a year later, on August 1, 2018, Mr. Castle filed a motion seeking to reset the trial date as well as for preliminary injunctive relief. The trial court signed an order that same day, setting the matter for trial on August 31, 2018, and further entering temporary injunctive relief enjoining Mr. Allen from driving the vehicle and from alienating or encumbering it.

Trial went forward as scheduled on August 31, 2018. Prior to the start of trial, Mr. Allen introduced himself to the trial court as follows:

> Marshall Allen unrepresented by counsel. He asked me as [sic] for a continuance for him to come because we just got the notification actually two days ago. And when presented to him he asked me just to come and ask the Court for a continuance for him to be able to.

The trial judge thereafter denied his request stating that "[y]ou can't come in at a late date like this and ask for a continuance."

Mr. Castle was then called to testify by his counsel. According to Mr. Castle, the parties entered into a written vehicle lease agreement dated June 18, 2018 ("the Lease"), and it was executed by both parties in front of a notary. The Lease document was accepted into evidence and reflects that $24,000 was "[t]he amount to be amortized over the term of [t]he Lease[,]" "the lease rate is 2.00% per annum[,]" the term of the lease was for sixteen months, and Mr. Allen was to provide a down payment of $1,000.00. The Lease further reflected that a monthly payment of $1,502.08 was payable on the last day of each month, and, after sixteen months of payments, Mr. Allen would own the vehicle. The Lease also provided that a late fee of fifteen percent would be charged on all monthly payments made after the due date. In addition, in the event that Mr. Allen defaulted under the Lease, he would be "required to pay the amounts applicable to the Vehicle during the remainder of the Term[,]" and "the Lessor may terminate this Lease, and may recover the Vehicle and sue the Lessee for damages."

In addition to the written Lease, Mr. Castle also submitted into evidence a Certificate of Title identifying him as the owner of the truck referenced in the Lease, as well as an annual inspection report dated October 21, 2015, related to the truck.

Mr. Castle also testified that he had delivered the truck to Mr. Allen two weeks prior to signing the Lease so that Mr. Allen had time to inspect and test the truck, Mr. Allen paid him $400 cash the day they entered the Lease, and Mr. Allen then paid $600 two months later, after a prior $600 check had "bounced." According to Mr. Castle, Mr. Allen did not make any further payments and still had possession of the truck at the time of trial. Mr. Castle also indicated that he continues to pay a monthly note on the truck, despite the fact that he is not in possession of it.

Mr. Allen also testified at trial. He indicated that after he took possession of the truck, he brought it to a mechanic shop, it needed $12,000 in repairs, and it was

> not DOT certified or ready. So then I made a deal with Mr. Castle at that point in time when he came down from Fourchoin and he drove in at approximately nine (9:00) – ten o'clock (10:00) at night with a contract saying, okay, listen we're going to make a contract, I'm going to cut you a deal . . . . I said, well, we can work on that, but I wasn't paying that amount of money for a truck that was in that amount of damage.

Mr. Allen further admitted that he had not made any monthly payments. However, he indicated that the title to the truck had been transferred to his name, explaining that a revised agreement between he and Mr. Castle had been made. He testified "it's not no lease purchase or anything such as that. We had an agreement at the end totally when he signed the title over and gave it to me. I went to the DMV and registered the vehicle and that was that." Mr. Allen further suggested that the registration has been in his name for two years. When asked by the trial court where the revised agreement was, Mr. Allen stated, "Well, like I said, I have that document. I have to get those documents." He further insisted that "[t]he DMV has the title" in his name, and, therefore, he does not owe any payments.

At the conclusion of Mr. Allen's testimony, the trial court stated, "Alright, Mr. Marshall Allen, I don't find your testimony credible. . . . I'm going by the documents presented by Mr. Castle. I find that you're in violation of the lease agreement[.]"

The trial court thereafter signed a judgment dated September 21, 2018, finding Mr. Allen in breach of the Lease, ordering Mr. Allen to return the truck to Mr. Castle, and ordering Mr. Allen to pay "all months rent from the date of lease agreement from June 18, 2016 at $1,502.08 for a total of $40,5516.16."

On November 16, 2018, Mr. Allen, through counsel, filed a motion for appeal. On appeal, Mr. Allen, through counsel, asserts the following as assignments of error and issues for review:

1. Whether the trial court erred in refusing the grant a continuance to Allen.

2. Alternatively, this Court has the authority to remand the case for the introduction of additional evidence pursuant to La.[Code of Civ.P.] art. 2164 in order to avoid grave injustice to Allen.

## ANALYSIS

As this court stated in *Shiver v. Lafayette City-Parish Consolidated Government,* 14-760, pp. 3-4 (La.App. 3 Cir. 12/10/14), 154 So.3d 789, 791,

> Continuances may be granted on either peremptory or discretionary grounds. La.Code Civ.P. arts. 1601 and 1602. The peremptory grounds for a continuance are when "the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance." La.Code Civ.P. art. 1602. Otherwise, "[a] continuance may be granted in any case if there is good ground therefor." La.Code Civ.P. art. 1601.
>
> The trial court has wide discretion in ruling on a motion for continuance, and absent a clear showing of an abuse of that discretion, the appellate court will not disturb the trial court's ruling on appeal. *Newsome v. Homer Mem. Med. Ctr.,* 10-564 (La. 4/9/10), 32 So.3d

4

800. In deciding whether or not to grant a motion for continuance, the trial court may consider such factors as diligence, good faith, reasonable grounds, fairness to both parties, and the need for the orderly administration of justice. *Ardoin v. Bourgeois*, 04-1663 (La.App. 3 Cir. 11/2/05), 916 So.2d 329. The defendant's right to have his case heard as soon as possible may also factor into the trial court's decision. *Succession of Harrell v. Erris-Omega Plantation, Inc.*, 12-696 (La.App. 3 Cir. 12/5/12), 104 So.3d 751, *writ denied*, 13-438 (La. 4/5/13), 110 So.3d 595.

The trial court's discretion may not be used arbitrarily where the denial of a continuance based on a good-faith ground may deny a litigant their day in court. *Matthews v. Matthews*, 220 So.2d 246 (La.App. 3 Cir. 1969).

In the instant matter, Mr. Allen stated to the trial court just prior to trial that his alleged counsel, who was not identified or otherwise present, had asked him to request a continuance because they had only learned of the trial date "two days ago." On appeal, Mr. Allen, notes that, during trial, "[h]e requested that the trial judge contact the Department of Motor Vehicles so he could prove that he had the title to the truck[,]" and argues he "did not have sufficient time from the notice of trial even exercising due diligence to obtain material evidence consisting of the title to the truck. [Mr.] Allen is entitled to a reasonable delay and opportunity to secure his evidence."

Mr. Castle filed the petition against Mr. Allen in January 2017, and Mr. Allen filed an answer in February 2017, arguing he had acquired the truck via a sale and title had been assigned to him. Trial was not held until August 31, 2018. Despite Mr. Allen's suggestion to the trial court when requesting a continuance that he had only received notice of the trial date two days prior, the record reflects that he was served with notice of trial on August 10, 2018, three weeks before trial took place. There is no evidence in the record regarding Mr. Allen's efforts to obtain the title from the Department of Motor Vehicles, or otherwise, which he

5

claims proves the title was assigned to him. Therefore, we find no abuse of discretion in the trial court's denial of Mr. Allen's request for a continuance. Mr. Allen's first assignment of error lacks merit.

Mr. Allen also argues on appeal that, to avoid a grave injustice, we should remand this case to the trial court for the introduction of additional evidence— namely, an unsworn, unverified copy of a purported title attached to his appellate brief, the second page of which purports to assign the truck to Mr. Allen. In support thereof, Mr. Allen cites to La.Code. Civ.P. art. 2164, which states "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." He also cites to *Mack v. Southern Farm Bureau Casualty Insurance Company,* 434 So.2d 594, 595-96 (La.App. 1 Cir. 1983) (citations omitted), wherein the appellate court stated:

> It is well settled that courts of appeal have the power under La.Code Civ.P. art. 2164 to remand a case for the introduction of additional evidence if grave injustice might result from failure to do so. Such a remand without decision requires the existing judgment to be set aside. Accordingly, although the power to remand rests within the discretion of the reviewing court, it should be exercised sparingly. A remand for the introduction of additional evidence is warranted only when this new evidence is likely to affect the outcome of the case.

The appellate court in *Mack* ultimately denied the plaintiff's request to remand for additional evidence, noting that the new evidence was a bare allegation in a pleading, and distinguishing *Gillaspie v. Mittelbronn*, 326 So.2d 538 (La.App. 4 Cir. 1976), which remanded for consideration of sworn testimony discovered in another judicial proceeding.

We conclude that a remand in the instant case to allow for the consideration of the unverified, unsworn copy of a purported title and assignment attached to Mr. Allen's brief is unwarranted under the circumstances. This document is

6

inadmissible hearsay and is more akin to the "bare allegations" in *Mack*, rather than the sworn testimony in *Gillaspie*. In addition, Mr. Allen argued to the trial court that the title was actually assigned to him, there is no indication as to why evidence of this assignment was not obtained or provided, and the trial court found Mr. Allen's testimony as not credible. Therefore, we deny Mr. Allen's request to remand this matter to the trial court.

## CONCLUSION

For the reasons set forth above, the ruling of the trial court is affirmed. Costs of this appeal are assessed to Mr. Allen.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.